## A08A1096. WELLS v. THE STATE.
### (668 SE2d 881)

ADAMS, Judge.

Frederick "Ricky" Wells appeals from his conviction and sentence and from the denial of his motion for new trial. Wells admits the evidence shows he fought with his landlord, James Asher, shot Asher with Asher's own .38 caliber pistol, and then left Asher's home in Asher's truck with the same pistol in his possession. He was convicted of voluntary manslaughter, armed robbery, theft by taking, possession of a firearm during the commission of a crime, and driving with a suspended license. On appeal he asserts, and the State agrees, that the trial court made several merger errors regarding his conviction and sentence. He claims related procedural errors as well. We affirm the jury's verdict, partially vacate his convictions, fully vacate his sentence, and remand for resentencing.

Wells was charged as follows:

Count 1 — Malice murder for shooting Asher with the .38 caliber pistol.
Count 2 — Felony murder for killing during an aggravated assault.
Count 3 — Possession of a firearm during the aggravated assault.
Count 4 — Armed robbery for taking Asher's truck and keys.
Count 5 — Armed robbery for taking money from Asher.
Count 6 — Armed robbery for taking the pistol itself.
Count 7 — Felony murder for killing during an armed robbery.
Count 8 — Possession of a firearm during the armed robbery.
Count 9 — Theft by taking a motor vehicle.
Count 10 — Theft by taking Asher's money.
Count 11 — Theft by taking Asher's pistol.
Count 12 — Driving with a suspended license.

The jury found Wells guilty on Count 1 of the lesser included

offense of voluntary manslaughter and guilty on Count 2 of felony murder by aggravated assault. The jury found Wells not guilty on three counts related to taking Asher's money — armed robbery, felony murder by armed robbery, and theft by taking (Counts 5, 7 and 10) but guilty on the remaining counts.

Following the verdict, the judge had almost excused the jury and discharged them when counsel began to discuss the problematic verdicts of guilty of voluntary manslaughter and guilty of felony murder by aggravated assault. Following an off-the-record discussion, the court stated two possible resolutions to the problem and explained that, faced with that choice, the parties had reached an agreement:

> At this juncture the Court still ha[s] the jury available, and as stated, the verdict form requires some clarification of the jury. The Court is of the opinion that we can either give curative instructions, have the jury go out and correct it, or in the alternative, the Court can correct it in the sentencing phase; and to that end, counsel for both the State and the defendant have agreed that rather than giving the curative instruction and sending the jury back out, that the Court will correct it in sentencing with the specific sentence that the Court imposes on the defendant being a sentence of 45 years.

Further colloquy ensued regarding whether the jury should play any role in resolving the issue and whether Wells should be questioned regarding his consent to the proposed resolution. The State recommended that the court simply take a verdict on voluntary manslaughter, representing both Counts 1 and 2. The State then calculated the maximum possible sentence, counting the voluntary manslaughter but not the felony murder charge, and determined it to be 91 years, as follows:

> Counts 1 and 2 — voluntary manslaughter — 20 years;
> Count 3 — possession of a firearm during the crime — 5 years;
> Count 4 — armed robbery of the truck and keys — 20 years;
> Count 6 — armed robbery of the gun itself — 20 years;
> Count 8 — possession of a firearm during the armed robbery — 5 years;
> Count 9 — theft by taking the truck — 10 years;
> Count 11 — theft by taking the firearm — 10 years;
> Count 12 — driving on a suspended license — 1 year.

The court then swore in Wells and presented him with the choice

of letting the jury resolve the issue or, given a possible sentence of 91 years if the judge were to proceed with sentencing, accepting a 45-year sentence instead. Wells agreed to the 45-year sentence, whereupon the court excused the jury.

The State then recommended apportioning the 45 years to include 20 years for voluntary manslaughter on Count 1, 20 years concurrent for voluntary manslaughter on Count 2, and sentences on each of the remaining guilty counts, totaling 45 years of consecutive time to be served with concurrent sentences for the remainder. The court followed the State's recommendation.

1. Wells contends the trial court mishandled the inconsistent verdict issue. He argues the court did not have the discretion to have the jury reconsider its verdict, and that it erred by entering a verdict of voluntary manslaughter on Count 2 instead of vacating the verdict on that count altogether. He adds that the court miscalculated the maximum possible sentence because several of the charges had to be merged. The State essentially agrees with these points. Furthermore, Wells contends that because he was misinformed about the proper procedure and the possible length of his sentence, his agreement to accept a 45-year sentence should be overturned. We agree.

"A defendant's acquiescence to an illegal sentence, either through plea negotiations or a failure to object to the sentence, cannot render an otherwise illegal sentence valid through waiver." *Sanders v. State of Ga.*, 259 Ga. App. 422, 423 (1) (577 SE2d 94) (2003). And following a trial, convictions and sentences for offenses which are included in others are void and may not be waived by failure to raise the issue at trial. *Curtis v. State*, 275 Ga. 576, 577 (1) (571 SE2d 376) (2002). Here, as shown below, Wells agreed to a sentence that included convictions that should have been merged, and therefore the sentence was void. Furthermore, he was provided incorrect information by the State and trial court when he was faced with accepting the 45-year sentence because if the charges had been merged as required, the maximum sentence to which Wells was exposed was 46 years.

(a) "[W]here the jury renders a verdict for voluntary manslaughter, it cannot also find felony murder based on the same underlying aggravated assault." *Edge v. State*, 261 Ga. 865, 865-866 (2) (414 SE2d 463) (1992). Under those circumstances, a court may not enter judgment on the felony murder. Id. It is not necessary for us to decide whether the trial court was authorized to resubmit the case to the jury to resolve the conflict. Ultimately, the court entered judgment and sentence on Count 2 of the lesser included offense of voluntary manslaughter. But because there was only one victim, the court should not have entered judgment and sentence on two counts of

voluntary manslaughter — Wells cannot be subjected to multiple convictions and punishments for one crime. *Smith v. State*, 272 Ga. 874, 881 (6) (c) (536 SE2d 514) (2000) (partially superseded by statute on other grounds).

(b) The two counts of armed robbery and two counts of theft by taking should all have been merged into one count for judgment and sentencing. In Count 4, the State charged Wells with armed robbery for taking Asher's keys and truck; in Count 6 he was charged with armed robbery for taking his gun. "Where a single victim is robbed of multiple items in a single transaction, there is only one robbery." (Citations omitted.) *Davis v. State*, 281 Ga. 871, 874 (4) (644 SE2d 113) (2007); *Bland v. State*, 264 Ga. 610, 612 (4) (449 SE2d 116) (1994). See also *Tesfaye v. State*, 275 Ga. 439, 442 (4) (569 SE2d 849) (2002) ("Using a gun to take cash from the cash register and then to take the victim's keys from him in the store's backroom in order to use the van constituted one armed robbery.") (citation omitted). Thus, the two counts of armed robbery should have been merged.

The Supreme Court of Georgia has adopted the "required evidence" test set forth in *Blockburger v. United States*, 284 U. S. 299, 304 (52 SC 180, 76 LE 306) (1932), when addressing whether an offense is "included in" another under OCGA §§ 16-1-6 (1); 16-1-7 (a) (1).[1] *Drinkard v. Walker*, 281 Ga. 211, 216 (636 SE2d 530) (2006). Under that test,

> (t)he applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

(Punctuation and footnote omitted.) Id. at 215. Although armed robbery requires proof of the use of an offensive weapon and proof that the property was taken from the presence of a person, whereas theft by taking does not, theft by taking does not require proof of any facts separate from those required for armed robbery. See OCGA §§ 16-8-2 (theft by taking); 16-8-41 (a) (armed robbery). Furthermore, "[t]he same evidence used to prove the armed robbery charges was used to prove the theft by taking charges," and therefore the charges merge as a matter of fact. *Phanamixay v. State*, 260 Ga. App. 177, 180 (3) (581 SE2d 286) (2003). Wells was charged with theft by taking the truck and the gun, which were both included

---

[1] See *Drinkard v. Walker*, 281 Ga. 211, 216, n. 32 (636 SE2d 530) (2006), for other statutory provisions concerning prohibition against multiple convictions for closely related offenses.

in the armed robbery counts. Id. (theft by taking pager and telephone from victim merged with count of armed robbery of cash and wallet taken from same victim at same time). We hold that the verdicts for theft by taking and armed robbery merge into one armed robbery conviction. Compare *Jones v. State*, 279 Ga. 854, 857 (3) (622 SE2d 1) (2005) (count of theft by taking car did not merge with count of armed robbery of keys to same car).

Our holding makes moot Wells's first enumeration of error in which he asserts that the trial court erred by entering a judgment and sentence on Count 6 because a person "cannot be convicted of armed robbery where the offensive weapon used to perpetrate the armed robbery is also the only fruit of the armed robbery itself." *Rivers v. State*, 250 Ga. 288, 293-294 (1) (298 SE2d 10) (1982).

(c) Wells contends the court should have merged Count 3 — possession of a firearm during the aggravated assault — with Count 8 — possession of a firearm during the armed robbery. "Where there is a single victim, the defendant may be convicted once, but only once, under each of the five subsections of OCGA § 16-11-106 (b)." (Footnote omitted.) *Jones v. State*, 285 Ga. App. 114, 118 (7) (645 SE2d 602) (2007). Both armed robbery and aggravated assault are "crime[s] against or involving the person of another," falling under subsection 1 of OCGA § 16-11-106 (b). See *Lenon v. State*, 290 Ga. App. 626, 631 (6) (660 SE2d 16) (2008). Therefore, the two convictions for possession of a firearm should have been merged.

Accordingly, we vacate the conviction and sentence on Counts 2, 6, 8, 9, and 11 and direct the trial court to merge the counts in accordance with the above for resentencing.

2. As shown above, as a result of the failure to inform Wells about the merger of the various offenses for sentencing, Wells acquiesced to an illegal sentence and gave up his right to a sentencing presentation and argument under OCGA § 17-10-2. We therefore vacate the remainder of his sentence and remand for resentencing in accordance with this opinion.

*Judgment affirmed in part and reversed in part, sentence vacated and case remanded for resentencing. Smith, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 28, 2008.

*Jimmonique R. S. Rodgers*, for appellant.

*Joe W. Hendricks, Jr., District Attorney, Darrell E. Wilson, Assistant District Attorney*, for appellee.