S11A0962. THOMAS v. THE STATE.

(717 SE2d 187)

NAHMIAS, Justice.

Appellant Roderick Thomas was found guilty of the murder of Heather Rhodes and numerous other crimes in connection with a home invasion in 2004. On appeal, he challenges the sufficiency of the evidence to support four of his five kidnapping convictions and argues that two of his aggravated assault convictions should have merged. We find his contentions to be meritless, except that one of his aggravated assault convictions did merge and so must be vacated.

1. The evidence presented at trial, viewed in the light most

favorable to the verdict, showed the following.[1] On the evening of March 30, 2004, Appellant, Marquis Cannon, and Rayshon Holston decided to steal marijuana from Mandel Mahama and Eric Weiner, who were acquaintances of Holston's. Holston drove his two associates to the apartment where Mahama and Weiner lived. Appellant, carrying a shotgun, and Cannon, who was unarmed, arrived at the apartment at about 10:30 p.m.

Inside were the nine victims. Heather Rhodes, Steven Devereaux, Morgan Ryan, and Eric Krause were in the living room near the front door, where Rhodes, who was 17, was doing her homework. Mahama, Weiner, and three other guests were in a back music room. When there was a knock at the door, Rhodes alerted Mahama, who cracked the door open. Appellant and Cannon forced themselves in, prompting Krause to flee to the music room. Cannon and Mahama grappled in the living room as Appellant chased Krause. Once in the music room, Appellant pointed his gun at the five victims there, shouting, "Somebody's going to f---ing die." He ordered them to lie face down, take off their clothes, and empty their pockets.

After taking money from Krause and Weiner, Appellant ordered the five naked victims down the hall into a bathroom. Meanwhile, Cannon forced Mahama to the bathroom, leaving Rhodes, Devereaux, and Ryan in the living room. Appellant shoved the shotgun down

---

[1] The crimes occurred on March 30, 2004. On June 29, 2004, Appellant was indicted in Coweta County for 25 offenses: malice murder, felony murder, nine counts of aggravated assault, two counts of burglary, two counts of armed robbery, terroristic threats, five counts of kidnapping, three counts of possession of a firearm during the commission of a crime, and possession of a firearm as a convicted felon. The State initially sought the death penalty, but before trial the parties agreed that the State would not seek the death penalty if Appellant allowed the trial court to consider a sentence of life without parole if he was found guilty and the court found that any of the aggravating factors had been proved beyond a reasonable doubt, as the court did. On October 3, 2008, the trial court entered an order of nolle prosequi on the felon-in-possession count, and a jury convicted Appellant on all other counts. The court sentenced Appellant as follows: life in prison without parole for the malice murder of Rhodes (Count 1), with the felony murder conviction (Count 2) vacated by operation of law and the conviction for aggravated assault of Rhodes (Count 3) merging; 20 years consecutive each for the aggravated assault of Mandel Mahama, Steven Devereaux, and Eric Weiner (Counts 4-6); 20 years concurrent each for the aggravated assault of Morgan Ryan, Eric Krause, Donald Haynes, Demario Isler, and Charles Thomas Dolan (Counts 7-11); 20 years concurrent each for the burglary of the home of Mahama and Weiner (Counts 12 and 13); two consecutive terms of life imprisonment for the armed robberies of Weiner and Krause (Counts 14 and 16); five years consecutive for the terroristic threats against Weiner (Count 15); 20 years concurrent each for the kidnapping of Weiner, Dolan, Isler, Krause, and Haynes (Counts 17-21); five years consecutive each for possession of a firearm during the commission of the murder of Rhodes, the aggravated assault of Mahama, and the aggravated assault of Devereaux (Counts 22-24). Appellant filed a motion for new trial on October 10, 2008, which he amended on June 22, 2010. After a hearing, the trial court denied the motion on December 10, 2010. Appellant filed a timely notice of appeal, and the case was docketed in this Court for the April 2011 term and submitted for decision on the briefs.

Weiner's throat until he could no longer breathe, demanding more money and drugs. Appellant then pulled Weiner into the hallway, again forced the gun into his mouth, and asked him if he wanted to die. After Appellant tauntingly asked Cannon's permission to shoot Weiner, Mahama, noticing the terror in Weiner's eyes and thinking he too was going to die if he did nothing, bolted for the front door. Appellant fired, hitting Mahama in the side, and both invaders chased him. Mahama escaped the apartment and survived his gunshot wound.

On his way through the living room, however, Appellant turned to Rhodes. He placed the shotgun up to her arm and, although she begged him not to, fired a shot that tore through her arm and into her chest, perforating her aorta and lungs. She died with the pencil she was using for her homework still in her hand. Appellant then turned and shot at Ryan and Devereaux, hitting Devereaux in the hip, and followed Cannon out of the apartment. Appellant later told Holston that he "had to shoot."

At trial, both Holston and Cannon testified against Appellant, as did many of the victims. The mother of Appellant's children also testified that he owned a 12-gauge shotgun like the one used to murder Rhodes. When viewed in the light most favorable to the verdict, the evidence presented at trial and summarized above was sufficient to authorize a rational jury to find Appellant guilty beyond a reasonable doubt of every one of the crimes for which he was convicted. See *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant disagrees in part, arguing that the evidence did not demonstrate the "asportation" required to support four of the kidnapping convictions[2] based on his forcing of four victims from the music room into the bathroom at gunpoint. Appellant contends that this movement was merely incidental to his armed robbery offenses and thus could not support a kidnapping conviction under our decision in *Garza v. State*, 284 Ga. 696, 701-702 (670 SE2d 73) (2008), which held that the asportation element of Georgia's pre-2009 kidnapping statute required movement that was more than "merely incidental" to other criminal activity.[3]

Appellant is incorrect. Under *Garza*, whether a putative asportation was more than merely incidental to another crime depends on

---

[2] Curiously, Appellant does not mention his fifth kidnapping conviction, which was based on the same asportation evidence as the other four.

[3] *Garza* was superseded by statute for offenses occurring after July 1, 2009. See OCGA § 16-5-40; *Hammond v. State*, 289 Ga. 142, 144, n. 3 (710 SE2d 124) (2011).

four factors:

> (1) the duration of the movement; (2) whether the movement occurred during the commission of a separate offense; (3) whether such movement was an inherent part of that separate offense; and (4) whether the movement itself presented a significant danger to the victim independent of the danger posed by the separate offense.

Id. at 702. While the duration of the movement here may have been short, the other factors all support the verdict. See *Brown v. State*, 288 Ga. 902, 905 (708 SE2d 294) (2011) (holding that the evidence proved asportation when all but one of the factors supported the verdict). As for the second and third factors, Appellant forced these four victims into the bathroom after he had robbed Weiner and Krause in the music room (the only two he was charged with robbing), and the movement was not an integral part of the armed robbery offenses. See *Henderson v. State*, 285 Ga. 240, 245 (675 SE2d 28) (2009). And as for the final factor, herding the multiple victims into the small and confined bathroom made it easier for their one assailant to control them — thus making the situation more dangerous for them. See id. The evidence therefore fully supports Appellant's kidnapping convictions.

3. Appellant also contends that the trial court should have merged his convictions for aggravated assault against Weiner (Count 6) and Krause (Count 8) with his convictions for the armed robbery of Weiner (Count 14) and Krause (Count 16). Appellant is partly correct. Because aggravated assault does not require proof of any element that armed robbery does not, convictions for both offenses will merge — but only if the crimes are part of the same "act or transaction." *Long v. State*, 287 Ga. 886, 888-889 (700 SE2d 399) (2010); *Drinkard v. Walker*, 281 Ga. 211, 215 (636 SE2d 530) (2006).

Appellant's convictions for armed robbery and aggravated assault against Krause did arise from the same "act or transaction," that is, Appellant's taking money from Krause at gunpoint in the music room. The resulting aggravated assault conviction (Count 8) therefore merged with Count 16, and we must vacate that conviction and remand for resentencing to remove this one 20-year consecutive sentence from Appellant's current total sentence of three life terms plus 80 years.

On the other hand, although the conviction for the armed robbery of Weiner also resulted from the music-room holdup, the conviction for his aggravated assault was based on Appellant's forcing the shotgun down his throat later in the bathroom, as the

indictment clearly specified. Thus, the trial court was correct not to merge the convictions for the offenses against Weiner. See *Cooper v. State*, 287 Ga. 861, 863 (700 SE2d 593) (2010).

*Judgment affirmed in part and vacated in part, and case remanded for resentencing. All the Justices concur.*

DECIDED OCTOBER 17, 2011.

*Jason W. Swindle*, for appellant.

*Peter J. Skandalakis*, District Attorney, *Lynda S. Caldwell*, Assistant District Attorney, *Samuel S. Olens*, Attorney General, *Paula K. Smith*, Senior Assistant Attorney General, *Benjamin H. Pierman*, Assistant Attorney General, for appellee.

