**SECOND DIVISION**
**BARNES, P. J.,**
**MCFADDEN and MCMILLIAN , JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

April 12,  2013

# In the Court of Appeals of Georgia

A12A2079. MCGLASKER v. THE STATE.

McFADDEN, Judge.

Whitney McGlasker appeals from the denial of her motion for new trial following her convictions for three counts of armed robbery and four counts of aggravated assault. On appeal, she contends that the State presented insufficient evidence of venue, the trial court erred in failing to merge for sentencing purposes a count of aggravated assault into a count of armed robbery of the same victim, and that trial counsel was ineffective for not requesting the merger. Following our review, we affirm in part, vacate in part and remand for resentencing.

On appeal from a criminal conviction, we construe the evidence in the light most favorable to the jury's verdict and the defendant no longer enjoys a presumption of innocence. *Bryan v. State*, 271 Ga. App. 60 (1) (608 SE2d 648) (2004). We do not

weigh the evidence or determine witness credibility, but determine only whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence shows that on December 1, 2008, victim 1 was robbed at gunpoint at the Colony Apartments on North Hairston Road by two men who got out of a gold Chevrolet Cavalier. A woman in the car did not get out during the robbery. The men took the victim's cell phone, cash and driver's license. One of the men hit the victim in his face with the gun.

That same night, victim 2, a plumber, was working on a water main break at the Windchase Apartments located near the first robbery when he saw two men approach his assistant who had gone to his truck to retrieve a tool. When victim 2 went to the truck, one of the men held a gun to his head and told him that "this [is] a robbery." The second man started hitting the victim's assistant with his gun, and when victim 2 attempted to stop him, the first man hit him in his head with the gun. The robbers took victim 2's wallet and tool bag and his assistant's wallet and cell phone. One robber ordered victim 2 to the ground and kicked him several times. The victim did not see a woman with the men.

2

Victim 3 was walking near the Windchase Apartments when she saw a gold Chevrolet Cavalier exit the complex. As she walked down the sidewalk, she heard a car door slam and was approached by a man who grabbed her and pointed a gun in her face. The gold Cavalier was only a few feet away and she could see the occupants– a woman driver and a second man – and after the gunman took her purse and camera, he got into the rear seat of the car and they drove off. Victim 3 was able to get the tag number of the car, and called 911 with a description of the car.

The three robberies occurred within a three-mile radius at approximately 9:30, 9:40 and 9:50 p.m. Shortly after 10:00 p.m., a BOLO was issued for the car and the suspects, identified as two men and a woman. An officer with the Pine Lake police department was nearby and saw the gold Cavalier parking at the Highland Run apartments. The car was driven by a woman and two men were passengers. The woman, later identified as McGlasker, was arrested at the scene and the two men were arrested later in the apartment.

When police executed a search warrant in the apartment, they recovered several items reported stolen, including victim 1's driver's license and cell phone, victim 2's tool bag, and victim 3's camera. Police also recovered a .357 magnum

3

revolver from the toilet tank in the master bathroom, and bloody bullets under a mattress.

Victim 1 identified the two men who robbed him from a photographic lineup. He could not identify the woman who was driving. Victim 2 identified the gunman who robbed him in a photographic lineup, but could not identify the second robber. Victim 3 identified the man who robbed her, the woman driver and the second man in a photographic lineup. She identified McGlasker as the driver of the car, and positively identified her as the driver at the trial as well.

1. McGlasker contends that the State failed to prove venue beyond a reasonable doubt. We do not agree.

> Our Georgia Constitution requires that venue in all criminal cases must be laid in the county in which the crime was allegedly committed. Venue is a jurisdictional fact, and is an essential element in proving that one is guilty of the crime charged. Like every other material allegation in the indictment, venue must be proved by the prosecution beyond a reasonable doubt. . . . The State may establish venue by whatever means of proof are available to it, and it may use both direct and circumstantial evidence.

(Punctuation and footnotes omitted.) *Jones v. State*, 272 Ga. 900, 901-903 (2) (537 SE2d 80) (2000). This court views the evidence in the light most favorable to the

4

verdict and determines whether the evidence was sufficient to permit a finding that the crime was committed in the county where the defendant was indicted. See *Chapman v. State*, 275 Ga. 314, 317 (4) (565 SE2d 442) (2002).

Here, one of the investigating officers testified that the three robberies took place at apartments located within a three-mile area which he referenced from a map showing the area. He further testified that the area was within Dekalb County. Further, all three victims testified that the crimes occurred within that area. This was sufficient evidence concerning the location of the acts to establish that the crimes occurred in Dekalb County.

2. McGlasker next contends that the trial court erred in not merging the aggravated assault and armed robbery counts of victim 2 for sentencing purposes. She maintains that because the aggravated assault was committed to accomplish the armed robbery, the counts should have merged. We agree.

Whether offenses merge is a legal question, which we review de novo. *Jones v. State*, 285 Ga. App. 114, 115 (645 SE2d 602) (2007). "To determine if the aggravated assault[] [was a] lesser included offense[] of the armed [robbery], we apply the 'required evidence' test . . . . Under that test, we examine whether each offense requires proof of a fact which the other does not. (Citations and punctuation

5

omitted.) *Long v. State*, 287 Ga. 886, 888 (2) (700 SE2d 399) (2010). Our Supreme Court has held that "there is no element of aggravated assault with a deadly weapon that is not contained in armed robbery." Id. at 889 (2).

The pistol whipping of victim 2 was a separate crime – as were the attack on his assistant, which victim 2 was trying to stop, and the subsequent kicking of victim 2 after one assailant had ordered him to the ground. But that separate crime was either battery (OCGA § 16-5-23.1) or aggravated battery (OCGA § 16-5-24). See *Bradley v. State*, __ Ga. __, __ (__ SE2d __) (Case No. S12A1857, decided March 18, 2013) (Hunstein, C.J., concurring) ("Prosecutors seeking to avoid this incongruity in similar circumstances might be wise to seek indictment on aggravated battery, as an alternative to aggravated assault."). Neither species of battery was charged.

In order to determine whether the pistol whipping can be deemed a separate act or transaction from the robbery, we must inquire when the robbery began and when it concluded. *Bradley*, supra, __ Ga. at __ (1) (c); *Thomas v. State*, 289 Ga. 877, 880-881 (3) (717 SE2d 187) (2011). In *Thomas*, as here, the issue was whether charges of aggravated assault founded on acts of gratuitous violence incidental to an armed robbery merged into charges of robbery. The *Thomas* court found merger as to an aggravated assault charge founded on acts of violence that "did arise from the

6

same 'act or transaction,' that is, [a]ppellant's taking money from [one victim] at gunpoint [in one room]," but did not find merger as to an aggravated assault charge founded on acts of violence that [a]ppellant inflicted "later in [another] room" on another victim and "[a]fter taking money from [both victims]." *Thomas*, supra, 289 Ga. at 878-879, 880-881 (1, 3).

Here the pistol whipping of victim 2 occurred after an assailant pulled a gun on victim 2 and announced a robbery but before the assailants took victim 2's property, ordered both victims to the ground, and fled. And the pistol whipping was part of the assailants' effort to control victim 2 during the robbery. Consequently the aggravated assault conviction merged into the armed robbery conviction. "Those convictions and the sentences entered for them must therefore be vacated and the case remanded to the trial court for resentencing." *Long*, supra, 287 Ga. at 889 (2).

3. McGlasker also contends that trial counsel was ineffective for failing to request that Counts 2 and 8 be merged for sentencing. Given our resolution of the merger issue in Division 2, this enumeration of error is moot and we do not reach it.

*Judgment affirmed in part, vacated in part, and case remanded for resentencing. Miller, P. J., Doyle, P. J., Branch and McMillian, JJ., concur. Ray, J.,*

7

*concurs in Divisions 1 and 3, and concurs in the judgment only in Division 2.*

*Barnes, P. J., concurs in part and dissents in part.*

A12A2079. MCGLASKER v. THE STATE.

BARNES, Presiding Judge.

Although I concur fully with Division 1, because I believe that the aggravated assault upon the victim when he attempted to intervene in the attack of his assistant was separate and distinct from the armed robbery enterprise, I must respectfully dissent from Divisions 2 and 3 of the majority opinion.

Under the "required evidence" test discussed in *Long v. State*, 287 Ga. 886, 889 (2) (700 SE2d 399) (2010), as noted by the majority, convictions for the offenses of armed robbery and aggravated assault often will merge because "aggravated assault with a deadly weapon does not require proof of any element that armed robbery does not." (Citation and punctuation omitted.) *Bradley v. State*, __ Ga.__ (1) (c) (S12A1857, decided March 18, 2013). However, this is true "only if the crimes are part of the same 'act or transaction.'" (Citation omitted.) *Thomas v. State*, 289 Ga.

877, 880 (3) (717 SE2d 187) (2011). This court has equated the same act or transaction as one "which occurred either concurrently or in rapid succession [and, which was] . . . committed as part of one uninterrupted criminal transaction and in pursuit of a specific, predetermined goal: the armed robbery of a single victim." *Crowley v. State*, 315 Ga. App. 755, 759-760 (3) (728 SE2d 282) (2012). We have further recognized that an "ensuing interval" or "deliberate interval" between the criminal acts can act to interrupt the criminal transaction. See id. at 760 (3). In other words, in some instances, the criminal may temporarily step away, so to speak, from his original criminal enterprise. It is within this period that he has "stepped away" that any ensuing criminal acts would not merge under the "required evidence" test in *Long*.

Here, the evidence at trial demonstrated that as a gun was being held to his head by the first robber, victim 2 attempted to stop a second robber from hitting his assistant, and because of his actions, the first robber pistol-whipped victim 2. The first robber subsequently robbed the victim. The first robber's attack was not committed in furtherance of the robbery of victim 2, but instead was a response to the victim's actions in trying to stop the attack of his assistant by a different robber.

2

Clearly, the assault happened during the robbery. However, as our Supreme Court recognized in *Thomas*, 289 Ga. at 880 (3), the inquiry must not end there. In *Thomas*, a home invasion case, in which multiple victims were robbed and assaulted, the Supreme Court found that "although the conviction for the armed robbery of [one of the victim's] also resulted from the music-room holdup, the conviction for his aggravated assault was based on Appellant's forcing the shotgun down his throat later in the bathroom." Id. In so finding, the Supreme Court clearly determined that not every aggravated assault committed from the time the criminals entered the home to rob the victims until they left the home was subsumed within the robbery enterprise.

Likewise, in this case, I believe that the trial court was authorized to conclude that the pistol-whipping of the victim was a separate act from the armed robbery as it was not committed in "pursuit of a specific, predetermined goal" – the robbery of that victim. *Crowley*, 315 Ga. App. at 760 (3).