**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/

**May 6, 2013**

# In the Court of Appeals of Georgia

A13A0044. MULLIS v. THE STATE.                     DO-002 C

DOYLE, Presiding Judge.

Following a jury trial, Barry Mullis was convicted of criminal attempt to commit armed robbery,[1] aggravated assault,[2] burglary,[3] and three counts of possession of a knife during the commission of a felony.[4] Mullis appeals the denial of his motion for new trial, arguing that his convictions of aggravated assault with intent to rob and attempted armed robbery merged as a matter of fact. We vacate Mullis's aggravated assault conviction and remand for resentencing, for the reasons that follow.

---

[1] OCGA §§ 16-4-1, 16-8-41 (a).

[2] OCGA § 16-5-21 (a) (1).

[3] OCGA § 16-7-1 (b).

[4] OCGA § 16-11-106 (b).

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict[,] and an appellant no longer enjoys the presumption of innocence. This Court determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*,[5] and does not weigh the evidence or determine witness credibility. Any conflicts or inconsistencies in the evidence are for the jury to resolve.[6]

So viewed, the record shows that Mullis knocked on the door of 84 year old Leola Freeman and asked for a cup of water. Freeman handed Mullis a plastic cup of water and then closed and locked her screen door. At Mullis's insistence, Freeman opened the screen door to retrieve the plastic cup, and Mullis grabbed the door out of her hand and forced his way into her house. Freeman threw the cup of water at him and attempted to push him out the door, but he pushed her back against the door facing, held her there, and advised her that he had a knife, gesturing towards his back pocket and telling her that he would not use it if she did not fight him or yell. Mullis then pushed Freeman backwards, and she fell into a nearby chair and then unsuccessfully attempted to kick him out the door. Freeman got up and retreated into the house, but Mullis grabbed or pushed her in the back, causing her to fall over a

---

[5] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[6] (Citations omitted.) *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004).

recliner. Freeman was able to grab the telephone, at which point Mullis fled. Mullis was apprehended the following day in the woods, and he admitted to police that he intended to rob Freeman.

Following his conviction on all counts, Mullis filed a motion for new trial, which the trial court denied. Mullis appeals, arguing in a single enumeration that the trial court erred by denying his motion for new trial on the basis that his convictions for aggravated assault and criminal attempt to commit armed robbery merge as a matter of fact.

"Whether offenses merge is a legal question, which we review de novo."[7] Under OCGA § 16-1-7 (a) (1), a defendant "may not . . . be convicted of more than one crime if . . . [o]ne crime is included in the other." Under the required evidence test adopted in *Drinkard v. Walker*,[8] "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof

---

[7] *Louisyr v. State*, 307 Ga. App. 724, 730 (2) (706 SE2d 114) (2011).

[8] 281 Ga. 211 (636 SE2d 530) (2006).

of a fact which the other does not."[9] The Supreme Court of Georgia has held that "[b]ecause aggravated assault does not require proof of any element that armed robbery does not, convictions for both offenses will merge – but only if the crimes are part of the same 'act or transaction.'"[10]

Here, as charged in the indictment, the criminal attempt to commit armed robbery occurred when Mullis "with the intent to commit a theft, attempted to take property from the person of Leola Freeman, by use of an offensive weapon, to-wit: a knife." The indictment further alleged that Mullis committed aggravated assault when he pushed Freeman to the ground in an attempt to rob her. As alleged, Mullis's pushing of Freeman was part of his effort to control her during the robbery.[11] Under these circumstances, the aggravated assault arose out of the same "act or transaction" as the criminal attempt to commit armed robbery, and therefore, the convictions

---

[9] (Punctuation omitted.) Id. at 215, quoting *Blockburger v. U. S.*, 284 U.S. 299, 304 (52 SCt 180, 76 LEd 306) (1932).

[10] *Thomas v. State*, 289 Ga. 877, 880 (3) (717 SE2d 187) (2011), citing *Long v. State*, 287 Ga. 886, 888-889 (700 SE2d 399) (2010); *Drinkard*, 281 Ga. at 215.

[11] See *McClasker v. State*, ___ Ga. App. ___, ___ (2) (Case No. A12A2079, decided Apr. 12, 2013).

merged.[12] Thus, Mullis's conviction "must therefore be vacated and the case remanded to the trial court for resentencing."[13]

*Judgment vacated and remanded. McFadden and Boggs, JJ., concur.*

---

[12] See *Bradley*, ___ Ga. ___, ___ (1) (c) (Case No. S12A1857, decided Mar. 18, 2013); *McClasker*, ___ Ga. App. at ___ (2).

[13] *Long*, 287 Ga. at 889 (2).