**FIRST DIVISION**
**DOYLE, C. J.,**
**PHIPPS, P. J., and BOGGS, J.**

**NOTICE: Motions for reconsideration must be**
*physically received* **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 16, 2015**

# In the Court of Appeals of Georgia

A15A0765. JERNIGAN v. THE STATE.

PHIPPS, Presiding Judge.

Demetrius Jernigan was found guilty of kidnapping, hijacking a motor vehicle, armed robbery (two counts), aggravated assault with a deadly weapon, and aggravated assault with intent to rape.[1] He appeals from the convictions, contending that the evidence was insufficient to support the verdict for aggravated assault with intent to rape, and that the court erred by sentencing him on convictions that should

---

[1] The indictment pertinently charged Jernigan with the following offenses: Count 1 - kidnapping of C. B.; Count 3 - hijacking a motor vehicle, by obtaining a motor vehicle from C. B. by force or violence while in possession of a firearm; Count 4 - armed robbery, by taking a motor vehicle from C. B. by use of an article having the appearance of a firearm; Count 5 - armed robbery, by taking currency from C. B. by use of an article having the appearance of a firearm; Count 6 - aggravated assault, by assaulting C. B. with a deadly weapon (handgun); Count 7 - aggravated assault, by making an assault upon C. B. with the intent to rape. The indictment alleged that each offense was committed in Clayton County.

have merged. For the reasons that follow, we hold that the evidence was sufficient and that the two armed robbery convictions did not merge. However, the court erred in not merging the aggravated assault (with a deadly weapon) conviction into one of the armed robbery convictions. Thus, we affirm in part, vacate in part, and remand for resentencing.

1. Jernigan contends that the evidence was insufficient to prove aggravated assault with intent to rape.[2] We disagree.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and [the appellant] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.[3]

-----

[2] Former OCGA § 16-5-21 (2011) pertinently provided: "(a) A person commits the offense of aggravated assault when he or she assaults another: (1) With intent to . . . rape." OCGA § 16-5-20 (a) pertinently provides that a person commits the offense of simple assault when he either: (1) attempts to commit a violent injury to the person of another or (2) commits an act which places another in reasonable apprehension of immediately receiving a violent injury. OCGA § 16-6-1 (a) pertinently provides that "[a] person commits the offense of rape when he has carnal knowledge of: (1) a female forcibly and against her will. . . .Carnal knowledge in rape occurs when there is any penetration of the female sex organ by the male sex organ."

[3] *Jackson v. State*, 252 Ga. App. 268 (1) (555 SE2d 908) (2001) (punctuation, citations and footnotes omitted).

So viewed, the evidence showed the following. On September 8, 2011, C. B. went alone to a Citgo gas station in Clayton County and was preparing to pump gasoline into her vehicle's gas tank when a man approached her. He lifted his shirt, displayed a gun, and told C. B., "[D]on't scream, don't make a scene, and I won't hurt you." He told C. B. to finish "pump[ing] the gas," then demanded her keys and ordered her to get in the passenger seat of her vehicle. C. B. complied, and the man drove the vehicle to a BP gas station. The man put the gun in his waistband and ordered C. B. to go inside the store with him to withdraw money from an automated teller machine (ATM) using her ATM card. With the gun still tucked in his pants, he again warned C. B. not to "make a scene." C. B. complied, and when the ATM dispensed money, the man grabbed it. The man then drove C. B. in her vehicle to another gas station (this time in DeKalb County); he attempted to add more gasoline to the vehicle's tank using her ATM card, but the transaction was declined.

With C. B. still in the vehicle, the man drove to a school in DeKalb County, where he forced C. B. to perform oral sex on him. He then forced her to have sexual intercourse with him.

The man then drove C. B. to another gas station, where he unsuccessfully attempted to use her ATM card to withdraw money from an ATM. He next drove

C. B. to another street and forced her to get out of the vehicle. A passerby came to C. B.'s aid and phoned police. C. B. gave police a description of her assailant, and she later identified Jernigan in a photographic array and at trial as her assailant.

Jernigan asserts that the evidence was insufficient to support his conviction for aggravated assault with intent to rape because "there was no evidence that when he came in contact with [the victim] in Clayton County and brandished his firearm that he had any intent to commit rape."

> Whether the defendant entertained an intent to commit a felony rape . . . is a matter for the jury to say, under the facts and circumstances proved. As a general rule the state must, of necessity, rely on circumstantial evidence in proving intent.[4]

"[O]n review, this court will not disturb the factual determination [of criminal intention] unless it is contrary to the evidence and clearly erroneous."[5]

---

[4] *Kinney v. State*, 155 Ga. App. 95 (1) (270 SE2d 209) (1980) (citation and punctuation omitted); see *Mobley v. State*, 279 Ga. App. 476, 478 (1) (631 SE2d 491) (2006); *Butler v. State*, 194 Ga. App. 895, 897 (2) (392 SE2d 324) (1990); see generally *Goodall v. State*, 277 Ga. App. 600, 602-603 (1) (a) (627 SE2d 183) (2006).

[5] *Hardy v. State*, 159 Ga. App. 854, 860 (285 SE2d 547) (1981) (citation and punctuation omitted).

Construed in the light most favorable to support the verdict, the evidence included testimony that Jernigan had approached C. B. when she was alone and, brandishing a gun, forced her to go with him in a vehicle; he had the gun throughout the ordeal, showing it to C. B. and threatening her; and he had a condom, which he wore while forcing sexual intercourse on her. Thus, "[t]here was evidence, although circumstantial insofar as intent is concerned, sufficient to establish that the defendant assaulted the victim with intent to commit rape; a rational trier of fact was authorized to find the defendant guilty of the crime charged beyond a reasonable doubt."[6]

2. Jernigan contends that the trial court erred by sentencing him on two armed robbery counts when the taking of the motor vehicle at the Citgo gas station (Count 4) and the taking of the currency from the ATM at the BP gas station (Count 5) were parts of a single, continuous transaction. We disagree.

---

[6] See *Butler*, supra (citation and punctuation omitted).

"The doctrine of merger precludes the imposition of multiple punishments when the same conduct establishes the commission of more than one crime."[7] "Whether offenses merge is a legal question, which we review de novo."[8]

"Where a single victim is robbed of multiple items in a single transaction, there is only one robbery."[9] "A defendant who takes multiple items from a victim in one transaction cannot be convicted of multiple robberies. . . .The question is whether the thefts involve a single transaction or sequential crimes."[10]

---

[7] *Louisyr v. State*, 307 Ga. App. 724, 730 (2) (706 SE2d 114) (2011) (citations and punctuation omitted).

[8] *McGlasker v. State*, 321 Ga. App. 614, 616 (2) (741 SE2d 303) (2013) (citation omitted).

[9] *Davis v. State*, 281 Ga. 871, 874 (4) (644 SE2d 113) (2007); *Wells v. State*, 294 Ga. App. 277, 280 (1) (b) (668 SE2d 881) (2008). Note that the "required evidence" test set forth in *Drinkard v. Walker*, infra, applies where the same act or transaction constitutes a violation of two distinct statutory provisions. *Wells*, supra. The required evidence test does not apply where (as here) the question presented is whether a course of conduct can result in multiple violations of the same statute. *State v. Marlowe*, 277 Ga. 383, 384 (1) (589 SE2d 69) (2003).

[10] *Holloway v. State*, 269 Ga. App. 500, 504 (3) (604 SE2d 844) (2004) (stating that the analysis regarding whether one robbery count is included in another robbery count differs from the analysis employed in the context of other types of crimes; holding that the armed robbery and attempted armed robbery counts merged because only one robbery could be charged when one victim was robbed of more than one item in a single transaction) (footnotes omitted); see *Lewis v. State*, 261 Ga. App. 273, 275 (1) (582 SE2d 222) (2003) (noting the "unique" merger analysis in robbery cases,

6

In this case, the theft of the vehicle and the theft of the currency were sequential crimes. Jernigan had taken C. B.'s vehicle at gunpoint at the first gas station, thus committing the armed robbery alleged in Count 4.[11] He had next driven to a second gas station, where, with a gun in his waistband, he had ordered C. B. to exit the vehicle, enter the store with him, and withdraw money from an ATM, which money he then took, thereby committing the armed robbery alleged in Count 5. The taking of the money from the ATM was not part of Jernigan's initial act of taking the vehicle. The two offenses were committed at different times and in different locations, and thus did not merge.[12]

---

and holding that the taking of property in a single transaction from a single victim - money, phone, and wallet - constituted a single robbery).

[11] See OCGA § 16-8-41 (a).

[12] See *Andrews v. State*, 328 Ga. App. 344, 349 (2) (c) (764 SE2d 553) (2014) (physical precedent only) (no merger of robbery counts where defendant had taken the victim's cash and check card, and then assaulted and raped her, before taking her car keys; the robbery offenses were based on the defendant having committed two distinct acts of taking at two different times); *Denson v. State*, 212 Ga. App. 883, 884 (3) (443 SE2d 300) (1994) (two robbery convictions did not merge because, although the robberies were committed in close temporal proximity, the offenses were committed sequentially; the defendant had committed the initial theft by taking the victim's gun, and the second theft by then using that gun to strike the victim and take her purse). Compare *Tesfaye v. State*, 275 Ga. 439, 442 (4) (569 SE2d 849) (2002) (two armed robberies merged where defendants had taken cash from the victim and vehicle keys from the victim at two sites under the same roof); *Randolph v. State*, 246

7

3. Jernigan contends that his conviction on Count 6 (aggravated assault on C. B., by assaulting her with a deadly weapon) should have merged into the conviction on Count 4 (armed robbery, by taking a motor vehicle from C. B. by use of a firearm), Count 5 (armed robbery, by taking currency from C. B. by use of a firearm), or Count 7 (aggravated assault, by assaulting C. B. with the intent to rape). The state concedes that Count 6 should have merged with Count 5.

To determine whether the aggravated assault (with a deadly weapon) was a lesser included offense of the armed robbery counts or the aggravated assault (with intent to rape) count, we apply the "required evidence" test set forth in *Drinkard v. Walker*.[13] Under that test, we examine "whether each offense requires proof of a fact which the other does not."[14] "Because aggravated assault does not require proof of any element that armed robbery does not, convictions for both offenses will merge —

Ga. App. 141, 144 (1) (538 SE2d 139) (2000) (two armed robbery counts merged where defendant had robbed victim of store's money at one end of a store, and then robbed him of his wallet at the other end of the store); *Creecy v. State*, 235 Ga. 542, 544 (5) (221 SE2d 17) (1975) (only one armed robbery where robber had taken, in a single transaction, a wallet from a store employee and money from the store's cash drawer).

[13] 281 Ga. 211 (636 SE2d 530) (2006).

[14] *Long v. State*, 287 Ga. 886, 888 (2) (700 SE2d 399) (2010) (citations and punctuation omitted).

8

but only if the crimes are part of the same act or transaction."[15] Jernigan's convictions for aggravated assault (with a deadly weapon) and armed robbery (taking currency by use of a firearm) arose from the same act or transaction.[16] Therefore, the conviction and sentence for aggravated assault (with a deadly weapon) must be vacated and the case remanded to the trial court for resentencing.[17]

*Judgment affirmed in part and vacated in part, and case remanded. Doyle, C. J., and Boggs, J., concur.*

---

[15] *Thomas v. State*, 289 Ga. 877, 880 (3) (717 SE2d 187) (2011) (punctuation omitted), citing *Long*, supra, and *Drinkard*, supra.

[16] See *Thomas*, supra.

[17] See id.; *Long*, supra.