**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 13, 2020**

# In the Court of Appeals of Georgia

A19A2085. OWENS v. THE STATE.

McFADDEN, Chief Judge.

A jury found James Owens III guilty of attempted burglary, conspiracy to commit armed robbery, and possession of a weapon in the commission of a felony. On appeal from his conviction for these offenses, Owens challenges the sufficiency of the evidence, but the evidence met the standard set forth in *Jackson v. Virginia*, 443 US 307 (99 SCt 2781, 61 LE2d 560) (1979). Owens argues that the trial court should have merged for sentencing purposes his convictions for attempted burglary and conspiracy to commit armed robbery, but these offenses do not merge because each offense requires proof of a fact the other does not. Finally Owens argues that his trial counsel was ineffective, but he has not shown both deficient performance and prejudice. So we affirm.

1. *Sufficiency of the evidence.*

Owens argues that the evidence was insufficient to support his convictions. "On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." *Garza v. State*, 347 Ga. App. 335 (1) (819 SE2d 497) (2018) (citation and punctuation omitted). We do not weigh the evidence or judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. at 319 (III) (B) (emphasis omitted).

So viewed, the trial evidence showed that on the evening of October 12, 2016, Owens approached the door of a house and began repeatedly knocking on the door and ringing the doorbell. The occupant of the house, who shortly beforehand had seen Owens and several others driving around the neighborhood, saw the following through a security camera and by looking out of a window. As Owens rang the doorbell, he made a motion in which he appeared to adjust a gun. Two other men stood to Owens's side, in view of the security camera but out of the line of sight of

the door. One of those men wore a mask and held a sawed-off shotgun and the other man crouched behind him and held a pistol. The occupant of the house called 911.

Eventually the men left. Later that evening law enforcement officers stopped their car, which the occupant of the house had described in his 911 call. The officers found a handgun, a shotgun, ammunition, and a mask in the car.

(a) *Criminal attempt to commit burglary.*

The evidence authorized the jury to find Owens guilty of criminal attempt to commit burglary. "A person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a significant step toward the commission of that crime." OCGA § 16-4-1. Pertinently, "[a] person commits the offense of burglary in the first degree when, without authority and with the intent to commit a felony or theft therein, he or she enters . . . an occupied . . . dwelling house of another[.]" OCGA § 16-7-1 (b). Although, as Owens argues, there are cases holding that, to constitute criminal attempt, the act "must be inexplicable as a lawful act and more than mere preparation[,]" *McGinnis v. State*, 183 Ga. App. 17, 18 (1) (358 SE2d 269) (1987), our Supreme Court has explained that this is simply a restatement of the statutory requirement "that the act, in light of previous

acts, 'constitutes a substantial step toward the commission of [a] crime.'" *Wittschen v State*, 259 Ga. 448, 449 (1) (383 SE2d 858) (1989) (quoting OCGA § 16-4-1).

In charging Owens with criminal attempt to commit burglary, the state alleged that Owens intended to commit the felony of armed robbery after entering the house. Whether Owens had that intent was "a matter for the jury to say, under the facts and circumstances provided. As a general rule, the state must, by necessity, rely on circumstantial evidence in proving intent." *Jernigan v. State*, 333 Ga. App. 339, 341 (1) (775 SE2d 791) (2015) (citations omitted). The facts stated above, "even if characterized as circumstantial, were sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that [Owens] had acted with the intent to commit [armed robbery] inside the . . . house and had taken a substantial step toward entering the house for that purpose[.]" *Snow v. State*, 318 Ga. App. 131, 133 (1) (733 SE2d 428) (2012) (footnotes omitted).

(b) *Conspiracy to commit armed robbery.*

The evidence authorized the jury to find Owens guilty of conspiracy to commit armed robbery. "A person commits the offense of conspiracy to commit a crime when he together with one or more persons conspires to commit any crime and any one or more of such persons does any overt act to effect the object of the conspiracy."

4

OCGA § 16-4-8. "A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon." OCGA § 16-8-41 (a).

In the indictment, the state identified Owens's act of "attempting to gain entry into the residence" as the overt act on which the conspiracy offense rested. A rational trier of fact could have found from the evidence of Owens's repeated knocking on the door and ringing the doorbell that he had engaged in that overt act. And all that is required for a conspiracy to exist

> is a tacit mutual understanding between persons to pursue a common objective. Such a conspiracy may be shown by direct proof[ ] or by inference, deduced from acts and conduct, which disclosed a common design to act in concert for the accomplishment of the unlawful purpose; the common design or purpose may be shown by direct or circumstantial evidence.

*Jones v. State*, 305 Ga. 744, 746-747 (2) (827 SE2d 887) (2019) (citations and punctuation omitted). Given that Owens was accompanied by two other men, one masked, who had guns and who stood outside the door's line of sight, a rational trier of fact could have found that Owens intended to commit armed robbery and that he

5

had conspired with the other men to do so. See *Harris v. State*, 310 Ga. App. 460, 462 (713 SE2d 665) (2011) (evidence authorized conviction for conspiracy to commit armed robbery where defendant, accompanied by persons with guns, told victim to "give it up" and attempted to strike victim).

(c) *Possession of a firearm during the commission of a felony.*

The evidence authorized the jury to find Owens guilty of possession of a firearm during the commission of a felony. See OCGA § 16-11-106 (b). A rational trier of fact could find from the evidence that Owens had a firearm on or within arm's reach of his person when engaged in the felonies of attempted burglary and conspiracy to commit armed robbery. He argues, however, that there was no evidence that he possessed the specific model of weapon alleged in the indictment. Essentially, this is an argument that his conviction cannot stand because of a fatal variance between the allegations and the proof. See *Wilson v. State*, 291 Ga. App. 69, 72 (1) (b) (661 SE2d 221) (2008). But

> [t]here is a longstanding rule in Georgia that no fatal variance between the pleading and the proof exists where one weapon is charged in an indictment and a weapon of similar nature capable of inflicting the same character of injury is shown by the evidence. The same principle applies to the case at bar, although the weapon at issue was [on or within arm's length of Owens's person but] was not used to inflict injury.

6

Id. (citations and punctuation omitted). So any

> error in the model of the gun [in Owens's possession] is not sufficient
> to constitute a fatal variance[.] . . . [A] variance between the allegata and
> probata is not fatal unless it misinforms the defendant as to the charges
> against him or leaves him open for subsequent prosecutions for the same
> offense. Since it does not appear that [Owens] was misled or prejudiced,
> [Owens has not shown grounds for reversal].

*Hesterlee v. State*, 210 Ga. App. 330, 332-333 (1) (436 SE2d 32) (1993) (citations and punctuation omitted).

2. *Merger.*

Owens argues that the trial court erred in failing to merge his convictions for attempted burglary and conspiracy to commit armed robbery for sentencing purposes. See OCGA § 16-1-7 (a) (defendant may not be convicted of more than one crime if one crime is included in the other). "Whether two offenses should be merged is a question of law, [and i]n making this determination we apply the 'required evidence' test[.]" *Culbreath v. State*, 328 Ga. App. 153, 156 (2) (761 SE2d 557) (2014) (citation and punctuation omitted). "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which

the other does not." *Drinkard v. Walker*, 281 Ga. 211, 215 (636 SE2d 530) (2006) (citation and punctuation omitted).

We have held that the offenses of burglary and attempted armed robbery do not merge because they have different statutory elements and thus require proof of a fact that the other does not. *Culbreath*, supra at 156 (2) (a). The same reasoning applies to the offenses of attempted burglary and conspiracy to commit armed robbery. Each of these offenses "requires proof of an additional fact which the other does not[.]" *Drinkard*, supra at 215 (citation omitted). To show that Owens committed the offense of criminal attempt to commit burglary, as alleged in this case, the state was required to present proof that Owens took a substantial step toward entering an occupied dwelling house of another. See OCGA §§ 16-4-1, 16-7-1 (b). To show that Owens committed the offense of conspiracy to commit armed robbery, as alleged in this case, the state was required to present proof that Owens conspired with one or more persons to commit that crime. See OCGA §§ 16-4-8, 16-8-41 (a). "Accordingly, these crimes did not merge." *Culbreath*, 328 Ga. App. at 157 (2) (a).

3. *Ineffective assistance of trial counsel.*

Owens argues that he received ineffective assistance of trial counsel. To prevail on this claim, he "must show both that his counsel performed deficiently and that, but

8

for the deficiency, there is a reasonable probability that the outcome of his trial would have been more favorable." *Slaton v. State*, 303 Ga. 651, 652 (2) (814 SE2d 344) (2018). Owens has not made either showing.

Owens asserts that his trial counsel was deficient for failing to interview certain witnesses before trial. But at the hearing on his motion for new trial his trial counsel provided reasonable explanations for not doing so. The victim did not respond to trial counsel's several efforts to contact him. Counsel for Owens's co-conspirators would not let their clients be interviewed. One potential witness could not be found. And counsel testified that he believed it was unnecessary to interview law enforcement officers (who had submitted written reports) and the 911 operator (who merely authenticated the recording of the 911 call) because he could prepare for their testimony from materials already produced. Owens has offered no persuasive argument for how these actions by trial counsel fell outside "the wide range of reasonable professional performance." *Slaton*, 303 Ga. at 653 (2) (citation omitted). And he makes only conclusory arguments that he was prejudiced by these actions. See *Dent v. State*, 303 Ga. 110, 117-118 (4) (a) (810 SE2d 527) (2018) (noting, in rejecting appellant's claim of ineffective assistance of counsel, that appellant had

failed to allege, "other than in conclusory terms, that he was prejudiced by his attorney's [alleged deficient performance]").

Owens also argues that his trial counsel was deficient in "spen[ding] very little quality time with hi[m] during the litigation of th[e] case." But his trial counsel testified that he met with Owens "more than what I typically visit with somebody," about six to twelve times. A few of their meetings were "pretty lengthy" as trial counsel prepared Owens to testify at trial. In his hearing testimony, Owens agreed that his trial counsel met with him several times and spoke with him about issues such as the strength of his defense and whether he should testify at trial. Again, Owens fails to make any persuasive argument that this performance was deficient or that any deficiency prejudiced him.

*Judgment affirmed. McMillian, P. J., and Senior Appellate Judge Herbert E. Phipps concur.*