## A99A1943. OWENS v. STATE OF GEORGIA.
### (525 SE2d 150)

MILLER, Judge.

On September 10, 1998, police seized $578 in currency from Henry Owens because he allegedly used it in connection with the purchase and sale of cocaine. On September 30, the State filed a forfeiture action to condemn the currency. Owens disputed that he was served properly, so at a hearing on January 7, 1999, the State, pursuant to court instruction, served Owens personally in open court. Because Owens failed to answer, the court entered default judgment against him on April 7. He appeals, contending (1) he was not properly served; (2) the court failed to hold a hearing within 60 days as required by OCGA § 16-13-49 (o) (5); and (3) the State commenced the forfeiture proceeding too late.

1. Owens' claim that he was not properly served is unfounded. To cure his initial complaints about service, the judge allowed the State to serve him personally in open court. The court then delayed acting on the matter until Owens had had more than 30 days to respond to that service. Default judgment was proper.[1]

2. The record shows that the State commenced the forfeiture proceedings within 60 days of the seizure. Under OCGA § 16-13-49 (h) (2), the proceedings were timely.

3. Owens contends that the trial court erred in not holding a hearing within 60 days after service of the complaint. OCGA § 16-13-49 (o) (5) provides that such a hearing must be held only if an answer is filed. "[I]f no answer is filed, no hearing is required, and the court is required to order the disposition of the seized property. Obviously, the 60-day requirement is conditioned on the filing of a timely and sufficient answer."[2] Because Owens filed no answer, this enumeration is without merit.

4. In a reply brief, Owens argues that (i) the evidence did not support a finding that the currency was used in connection with a crime and (ii) there was no warrant for the search that resulted in the seizure of the currency. His failure to raise these matters in his enumeration of errors and initial brief precludes appellate review.[3] Even if we reviewed these matters, his failure to answer the complaint resulted in his admission of the allegations of the complaint and his waiver of defenses to recovery,[4] which moot his arguments.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

---

[1] OCGA § 16-13-49 (o) (4).

[2] (Citation omitted.) *State v. Henderson*, 263 Ga. 508, 509, n. 2 (436 SE2d 209) (1993).

[3] See *Mobley v. Sewell*, 226 Ga. App. 866, 869 (487 SE2d 398) (1997).

[4] *Whitby v. Maloy*, 150 Ga. App. 575 (1) (258 SE2d 181) (1979).

DECIDED NOVEMBER 12, 1999 —
RECONSIDERATION DENIED NOVEMBER 30, 1999 —

Henry Owens, *pro se.*

Patrick H. Head, *District Attorney,* Debra H. Bernes, Maria B. Golick, Irvan A. Pearlberg, *Assistant District Attorneys,* for appellee.