A02A1733. SANDERS v. STATE OF GEORGIA.
(577 SE2d 94)

BLACKBURN, Presiding Judge.

Following a bench trial in this civil forfeiture proceeding under OCGA § 16-13-49, Lenorris Sanders appeals, contending that the trial court erred by: (1) failing to suppress evidence of controlled substances found in his possession following an allegedly illegal search, and (2) ruling that his refusal to answer certain questions pursuant to his Fifth Amendment right against self-incrimination constituted admissions in this civil action, which justified forfeiture of property seized by the police. For the reasons set forth below, we affirm.

> Factual and credibility determinations made by a trial judge after a suppression hearing or a motion in limine hearing to exclude evidence are accepted by appellate courts unless clearly erroneous. However, where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review.

(Citations and punctuation omitted.) *State v. Peters*.[1]

Viewing the evidence under these standards, the record shows that Sanders pled guilty to the offense of possession of cocaine with intent to distribute in 1996. As a result of plea negotiations in which Sanders was represented by counsel, he was sentenced to 15 years to serve, a $5,000 fine, and banishment from the Cordele Judicial Circuit, which includes Dooly County. No probation was provided for in this sentence, and Sanders' banishment was unlimited.

On October 5, 2001, Dooly County Sheriff Van Peavy, who was familiar with Sanders' sentence, informed Unadilla Police Chief Jacques Wheeler that Sanders had been banished from Dooly County as a part of a prior felony drug sentence and that he should arrest Sand-

---

[1] *State v. Peters*, 222 Ga. App. 484 (474 SE2d 623) (1996).

ers if he were seen in Dooly County. Wheeler had seen Sanders over the previous several days in an area of Dooly County known for frequent drug activity.

Within hours of speaking with Sheriff Peavy, Chief Wheeler saw Sanders riding as a passenger in a car being driven by a female. Based on the information that he had been provided by Sheriff Peavy, Chief Wheeler stopped the car and approached the passenger side. He asked Sanders if he understood that he had been banished from Dooly County, and Sanders acknowledged that he understood.

Wheeler next ordered Sanders out of the car. As Sanders exited, he appeared to Wheeler to furtively throw something back into the car; at the same time, Wheeler saw the female driver push something under the front passenger seat. Wheeler then arrested Sanders based on his banishment from Dooly County, and another officer searched the car incident to the arrest. The officer found marijuana and cocaine in the car, and $1,277 in currency on Sanders' person. Sanders was advised of his rights under *Miranda*, and he admitted that the drugs belonged to him.

At trial, Sanders contended that the search and seizure were unlawful and filed a motion in limine to exclude from evidence all physical evidence obtained during the allegedly unlawful search and seizure. The trial court denied the motion.

1. Sanders contends that the trial court erred in denying his motion in limine because the drugs used as evidence against him were the result of an illegal stop, arrest, and search. Specifically, Sanders argues that his banishment in his 1996 sentence was illegal and unenforceable and could not, therefore, serve as a basis for his stop, arrest, or search. Thus, he argues, because his arrest was illegal, the search incident to his arrest was unlawful and any evidence seized as a result of that arrest should have been excluded by the trial court.

As an initial matter, we agree with Sanders that the banishment provision of his 1996 sentence was illegal. Banishment is authorized in Georgia only as a reasonable condition of probation or suspension of a sentence. See *State v. Collett*;[2] *Wilson v. State*.[3] A defendant's acquiescence to an illegal sentence, either through plea negotiations or a failure to object to the sentence, cannot render an otherwise illegal sentence valid through waiver.

Nevertheless, Chief Wheeler's stop, arrest, and search of Sanders were not improper. In order to justify the stop of Sanders, Chief

---

[2] *State v. Collett*, 232 Ga. 668, 670 (208 SE2d 472) (1974).
[3] *Wilson v. State*, 151 Ga. App. 501, 504 (8) (260 SE2d 527) (1979).

Wheeler was required to have an articulable suspicion that a law was being or about to be violated.

> Articulable suspicion that the law has been or is about to be violated is less than probable cause, but greater than mere caprice. What is necessary is a founded suspicion, some basis from which the court can determine that the detention was not arbitrary or harassing. Thus, in cases where there are some reasonable articulable grounds for suspicion, the state's interest in the maintenance of community peace and security outweighs the momentary inconvenience and indignity of investigatory detention. Each case turns on its own circumstances.

*Edwards v. State.*[4]

In this case, Chief Wheeler had been told by Sheriff Peavy just hours earlier that it was illegal for Sanders to be in Dooly County, because he had been banished by court order. At the time of the stop, an unchallenged order of the court was in place, and Sanders acknowledged his banishment. Under these facts, Chief Wheeler had an articulable suspicion upon which to base Sanders' stop. Chief Wheeler was charged with the duty of enforcing the orders of the court. The fact that Sanders' banishment might later be determined to be illegal does not diminish Chief Wheeler's duty to enforce the order until that time. The unchallenged banishment order authorized Chief Wheeler to initially stop Sanders. Therefore, Chief Wheeler's initial *Terry* stop of Sanders to investigate possible criminal activity was not improper. Id. Law enforcement officers are not required to go behind court orders to determine which are valid before acting on them.

Sanders' arguments that his subsequent arrest and search incident to arrest were illegal because of the impropriety of the underlying banishment must also fail. In this case, Chief Wheeler was merely enforcing a standing order of the Superior Court of Dooly County. Therefore, as with the stop, Chief Wheeler's arrest and subsequent search incident to arrest were proper under the facts of this case.

In addition, the search of the car in this case was also supported by probable cause independent of Sanders' arrest for violating banishment. The facts of this case clearly show that, the moment Sanders was asked to exit the car, Chief Wheeler saw both Sanders, a known drug offender, and the driver attempting to hide something under the seats of the car. Over the prior several days, Chief Wheeler

---

[4] *Edwards v. State*, 253 Ga. App. 837, 838 (560 SE2d 735) (2002).

had also seen Sanders frequenting an area known for high levels of drug activity. Although any one of these factors alone may not have provided the probable cause necessary to conduct a search of Sanders' automobile, together they did so. See *State v. Cannon.*[5]

2. Sanders maintains that the trial court erred in finding as a matter of law that inferences drawn from his invocation of his Fifth Amendment right against self-incrimination constituted admissions sufficient to justify forfeiture of his property. We find no error.

"[T]he appellate standard of review for nonjury trials of disputed material facts is the clearly erroneous test, also known as the 'any evidence' rule. As such, the sole question for determination on appeal is whether there is any evidence to authorize the trial court's judgment." (Citation and punctuation omitted.) *Progressive Preferred Ins. Co. v. Aguilera.*[6]

A forfeiture action under OCGA § 16-13-49 is a civil proceeding, and the State, as plaintiff, is required to prove its case by a preponderance of the evidence rather than by the higher burden of proof applicable to criminal cases. *Hall v. State of Ga.*[7]

Sanders' argument that, even in a civil case, inferences drawn from a defendant's invocation of his right against self-incrimination cannot constitute admissions justifying forfeiture of property is not supported by Georgia case law. In response to such an argument, our Supreme Court has reasoned:

> We think it clear that no inference of guilt can be drawn from a privileged refusal to testify in a criminal case nor can the exercise of the privilege in a civil case be used in a subsequent criminal case against the party. However, these cited Georgia cases do not hold that it is impermissible to draw an unfavorable inference in a civil case from the privileged refusal to testify in that case. There is considerable authority that such an inference can be drawn in civil cases. . . . We think the correct view was expressed by the Wisconsin Supreme Court when it held that although a person does have a right to invoke the privilege in a civil case in order to protect himself, when he does so, an inference against his interest may be drawn by the factfinder. Since the inference is irresistible and logical in such circumstances, the court may as a matter of law draw the inference. Such an inference is based upon an implied admission that a truthful

---

[5] *State v. Cannon*, 253 Ga. App. 445 (559 SE2d 76) (2002).

[6] *Progressive Preferred Ins. Co. v. Aguilera*, 243 Ga. App. 442, 445 (2) (533 SE2d 448) (2000).

[7] *Hall v. State of Ga.*, 226 Ga. App. 486, 487 (486 SE2d 710) (1997).

answer would tend to prove that the witness had committed the act. The administration of justice and the search for truth demand[ ] that an inference may be drawn that [the] witness' testimony would be unfavorable to him in a civil action in which the privilege is invoked to protect himself.

(Punctuation omitted.) *Simpson v. Simpson.*[8] This language makes clear that inferences can be drawn from a defendant's invocation of his privilege against self-incrimination, and that such inferences may constitute admissions unfavorable to him.

In its final judgment of forfeiture, the trial court found as follows:

The State called Lenorris Sanders at trial for the purpose of cross-examination. The State's counsel asked Sanders if he had transported cocaine and more than 4 ounces of marijuana in his 1985 Cadillac on October 5, 2001. State's counsel also asked Sanders if the $1277.00 in U. S. Currency and the stereo system found in the car were in close proximity to more than 4 ounces of marijuana and cocaine on October 5, 2001. Sanders invoked his 5th Amendment privilege against self-incrimination and refused to answer both of those questions. When asked if he had sworn falsely in paragraph 12 of his answer to the State's complaint by stating that he did not consent to the conduct and did not know or could reasonably have known of the conduct or that it was likely to occur, Sanders again invoked his privilege against self-incrimination and refused to answer. The Court specifically finds that Sanders' refusal to answer these questions constitutes admissions of the following facts: Sanders used his vehicle to transport more than four ounces of marijuana and cocaine; the vehicle, the cash, and the stereo system were in close proximity to more than four ounces of marijuana and cocaine; Sanders either consented to the conduct of possession of marijuana with intent to distribute and possession of cocaine with intent to distribute, or he knew or reasonably should have known of said conduct.

We cannot say that the trial court erred in finding that Sanders' refusal to answer the questions constituted admissions of facts supporting forfeiture of the seized property, and that those facts, under a preponderance of the evidence standard, authorized forfeiture of the property.

---

[8] *Simpson v. Simpson*, 233 Ga. 17, 20-21 (209 SE2d 611) (1974).

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 4, 2003.

*Jones & Oliver, Charles E. Jones,* for appellant.
*Denise D. Fachini, District Attorney, Richard E. Thomas, Assistant District Attorney,* for appellee.