A04A1127. GERMAIN et al. v. STATE OF GEORGIA.
(605 SE2d 441)

MILLER, Judge.

Philippe Germain and Michelle Jeanlouis appeal from a civil forfeiture proceeding, arguing that the trial court erred in granting an order of disposition concerning property seized following a traffic stop. We discern no error and therefore affirm.

The record reveals that on September 4, 2003, Germain and Jeanlouis were pulled over on Interstate 95. Germain told the officer that he was carrying a handgun licensed by the state of Florida, and was later arrested for carrying a concealed weapon. In addition to Germain's handgun, a search of Jeanlouis' 1998 Toyota yielded $3,270 in cash. Although no drugs were found in the car, the State initiated forfeiture proceedings by publishing a notice of seizure at the McIntosh County courthouse and in a local newspaper, and by serving Germain and Jeanlouis with the notice. Germain and Jeanlouis filed a notarized letter asserting their ownership of the cash, handgun, and car, but did not give any particulars as to how and from whom they had obtained the property. The State then moved for an order of disposition on November 24, 2003, which the trial court granted two days later. Germain and Jeanlouis filed a motion for reconsideration, which the court scheduled for hearing on January 5, 2004. On January 2, however, Germain and Jeanlouis filed a notice of appeal, depriving the court of jurisdiction to hear their motion. They now argue on appeal that the trial court erred in granting the order

of disposition because the State failed to show that the property had any connection to any illicit activity and because the proceedings below deprived them of due process.

OCGA § 16-13-49 sets out a specialized set of procedures for civil forfeiture actions, including subsection (n), which governs cases involving personal property with a value of $25,000 or less. Under this procedure, the State first puts property owners on notice that it plans to show that their seized property was connected to drug-related activity. OCGA § 16-13-49 (n) (1)-(3). After receiving this notice, the property owner is obliged to file a claim for his property (this procedure's equivalent of an answer), which "*must* set forth," among other things, "[t]he date, identity of the transferor, and circumstances of the claimant's acquisition of the property" as well as "[a]ll essential facts supporting [that] assertion." (Emphasis supplied.) OCGA § 16-13-49 (n) (4), (n) (4) (D), (n) (4) (F).

The State properly initiated a forfeiture action under this subsection when it posted notice at the courthouse, served the parties with a copy, and published the same in a local newspaper for three weeks running. OCGA § 16-13-49 (n) (1)-(3). That notice specified the date and extent of the seizure and asserted that the seized property "was used or intended for use to facilitate a violation of OCGA [§] 16-13-49 and/or was proceeds derived or realized [therefrom]."

Germain and Jeanlouis argue that the State has not provided any facts suggesting a connection between the seized property and illegal drugs or activity. The State is not required to provide such facts at the first stage of this kind of forfeiture proceeding, however. It is true that had the matter gotten as far as the filing of a complaint, the State would have had to plead facts showing a connection between the seized property and drug-related activity, and would then have the burden of proving those facts by a preponderance of the evidence. See OCGA § 16-13-49 (n) (5) (requiring complaint only "[i]f a claim is filed"); *Sanders v. State*, 259 Ga. App. 422, 425 (2) (577 SE2d 94) (2003) (setting burden on State). However, Germain and Jeanlouis' claims asserted only that their property "was not directly or indirectly used or intended for use" in violation of Georgia anti-drug statutes, and that the property was not part of the proceeds of such illegal activity. These were not the responsive pleadings required by OCGA § 16-13-49 (n) (4) because they gave no essential facts about where, how, and from whom the property was obtained.

The State had no responsibility to proceed further after Germain and Jeanlouis' factually deficient claims were submitted. *State v. Cannon*, 214 Ga. App. 897, 898-899 (449 SE2d 519) (1994). "The trial court's authority to consider [the property owners' claims] depended entirely upon a properly filed answer" to the State's notice. *Greene v.*

*State*, 220 Ga. App. 292 (469 SE2d 428) (1996). Thus the trial court could not reach Germain and Jeanlouis' claims regarding the insufficiency of the evidence and did not err in entering an order of disposition on the State's motion. Id.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 4, 2004 — 

*Robert P. Phillips III*, for appellants.

*Tom Durden, District Attorney, Donna R. Sims, Clara E. Bucci, Assistant District Attorneys*, for appellee.