## A07A1940. EDWARDS v. STATE OF GEORGIA.

(659 SE2d 852)

ELLINGTON, Judge.

Following the arrest of Annie Edwards's grandson on drug charges, the State seized $20,620 from a footlocker in Edwards's home. The State filed a complaint for forfeiture of the funds, and Edwards responded with an answer asserting a claim to the cash and contending that the money was not associated with illegal drug activity. After the State filed a motion to dismiss Edwards's answer, the court granted the motion, finding that the answer failed to satisfy the requirements of OCGA § 16-13-49 (o). Edwards appeals from the dismissal. Finding no error, we affirm.

The record shows the following undisputed facts. On January 20, 2006, officers with the Georgia Bureau of Investigation, the Drug Enforcement Agency, and the Vidalia Police Department executed an arrest warrant for Eric Rhymes at the Vidalia residence owned by Edwards, Rhymes's grandmother. At the time the officers placed Rhymes under arrest, Rhymes had $1,469 in his pocket. The officers searched the home's common areas and Rhymes's bedroom pursuant to the conditions of Rhymes's probation. The officers did not find any contraband or other evidence in Rhymes's bedroom, but they found a scale, razor blade, small plastic bags, and suspected cocaine residue in the dining room. The officers then obtained Edwards's permission to search the rest of the residence. In a drawer in Edwards's bedroom, the officers found approximately six grams of crack cocaine and a large ziplock bag of marijuana. In the same room, the officers found some clothing, shoes, and other items belonging to Rhymes. Edwards told the officers that Rhymes sometimes changed his clothes in her bedroom and used her bathroom to take baths. In addition to these items, the officers found $20,620 in cash in a locked footlocker belonging to Edwards.[1] The cash was divided into four bank envelopes. The officers found no drugs or other contraband inside the footlocker. The Vidalia Police Department deposited the $22,089 in cash recovered from Rhymes's pocket and Edwards's footlocker into a bank account.

The State filed a complaint for forfeiture of the $22,089 in cash, a 1997 Mercury Grand Marquis, and the scale.[2] Annie Edwards filed an answer and two amended answers in response to the complaint. In

---

[1] Rhymes did not have a key to the locked footlocker.

[2] Edwards did not claim any ownership interest in either the car or the scale and did not challenge the forfeiture of these items.

addition to contending that the currency is not subject to forfeiture under OCGA § 16-13-49 (e),[3] Edwards's answer also included the following paragraph:

> Annie Edwards has lived at 500 Epstein Street, Vidalia, Georgia for 26 years. On or about 1988 Ms. Edwards who is 83 years old started receiving Social Security. She receives approximately $312.00 per month. Living in her home with her is her son Leon Edwards who is mentally disabled.[4] Leon has been receiving a Social Security check since 1985 in the amount of approximately $712.00 per month. Ms. Edwards owns her home and pays no rent. She buys approximately $350.00 to $400.00 worth of groceries each month. Her power bill each month is approximately $60.00. Her gas bill is approximately $140.00 per month and she spends approximately $50.00 per month for a phone bill. Living in her home as well is Betty Jean Edwards Bell, her daughter, who pays $100.00 per month to Ms. Annie Edwards for rent. Ms. Edwards has been saving $150.00 to $200.00 per month from her money and Leon's money since the early 90's. She saved this money for anticipated healthcare costs for her and Leon, as well as, so that she could be properly buried upon her death. She saved this money over a long period of time and placed it in bank envelopes. She kept the money that she was holding for herself separate from the money she was holding in trust for Leon. She placed Leon's name on the envelopes that contained his money. Ms. Edwards has a fourth grade education and barely reads and can not count numbers in excess of hundreds.

The State filed a motion to dismiss Edwards's answer on the basis that it was legally insufficient under the drug forfeiture statute, OCGA § 16-13-49, and, therefore, Edwards lacked standing to contest the forfeiture. Following a hearing, the court found that Edwards's answer did not meet the requirements of OCGA § 16-13-49 (o) (3) (D), which states that the claimant's answer must set forth the "date, identity of transferor, and circumstances of the claimant's acquisition of the interest in the property." Specifically, the court ruled that Edwards's "assertions of how she saved the money in question are

---

[3] OCGA § 16-13-49 (e) provides that certain property is not subject to forfeiture, including property belonging to an owner who was not legally accountable for the illegal conduct at issue and property belonging to a bona fide purchaser for value.

[4] According to her answer, Edwards is the legal guardian of her son, Leon.

vague and impossible to substantiate as required by statute." Consequently, the court granted the State's motion to dismiss Edwards's answer, and it also granted the State's complaint for forfeiture.

On appeal, Edwards contends the court erred in finding that her answer did not meet the requirements of OCGA § 16-13-49 (o) (3) (D), and, as a result, erred in dismissing her answer. We disagree.

> Under the drug forfeiture statute, [OCGA § 16-13-49,] property subject to forfeiture includes that "which is, directly or indirectly, used or intended for use in any manner to facilitate" a violation of the drug laws or "any proceeds derived or realized therefrom." [OCGA § 16-13-49 (d) (2).] Property may be seized "without process" under certain circumstances, including "if there is probable cause to believe that the property is subject to forfeiture." [OCGA § 16-13-49 (g) (2).]

(Footnotes omitted.) *Baker v. State of Ga.*, 269 Ga. App. 722, 724 (605 SE2d 126) (2004). Following seizure of the property and public notice thereof, the State may file a verified complaint in rem; such a complaint must describe the property with reasonable particularity, identify the present custodian of the property, allege the essential elements of the alleged violation leading to the seizure, and fulfill other pleading requirements. OCGA § 16-13-49 (o) (1). Once the State presents a prima facie case for forfeiture in its pleadings, the burden then shifts to the claimant "to establish both his standing to contest the forfeiture and his entitlement to a statutory exception." (Citations omitted.) *Howard v. State of Ga.*, 223 Ga. App. 323 (477 SE2d 605) (1996). In order to do so, within 30 days of service or final publication of notice of the complaint, "[a]n owner of or interest holder in the property may file an answer asserting a claim against the property in the action in rem." OCGA § 16-13-49 (o) (3). The answer must be verified and must set forth the following:

> (A) The caption of the proceedings as set forth in the complaint and the name of the claimant; (B) The address at which the claimant will accept mail; (C) The nature and extent of the claimant's interest in the property; (D) The date, identity of transferor, and circumstances of the claimant's acquisition of the interest in the property; (E) The specific provision of this Code section relied on in asserting that the property is not subject to forfeiture; (F) All essential facts supporting each assertion; and (G) The precise relief sought.

Id. See *Germain v. State of Ga.*, 269 Ga. App. 846, 847 (605 SE2d 441) (2004) (construing the pleading requirements of subsection (n) (4) (D) and (n) (4) (F), which are identical to the above requirements, to require that a claimant's answer include "essential facts about where, how, and from whom the property was obtained"); but see *Harris v. State of Ga.*, 222 Ga. App. 267, 268 (474 SE2d 201) (1996) ("Although compliance with the strict pleading requirements [of OCGA § 16-13-49] is mandated, these requirements must be interpreted reasonably.") (citation omitted).

If a claimant files an answer, the court must conduct a hearing without a jury within 60 days of service of the complaint to determine if the property should be forfeited. OCGA § 16-13-49 (o) (5). "[I]n the absence of a legally sufficient claim, [however,] the owner or interest holder lacks standing to assert — and the trial court lacks authority to consider — the owner or interest holder's challenges to the forfeiture." (Footnote omitted.) *Baker v. State of Ga.*, 269 Ga. App. at 725. In other words, filing a claim without sufficiently detailed information to satisfy the requirements of OCGA § 16-13-49 is "equivalent to filing no claim at all." (Punctuation and footnote omitted.) Id.

Having reviewed Edwards's answer, we agree with the trial court that it is legally insufficient to assert a claim to the currency found in her footlocker. Although Edwards provided some information about her approximate income and a few of her expenses over the past 18 years, her assertions were, as the trial court found, vague and impossible to substantiate. The answer referred to approximate dates for when she began receiving Social Security benefits ("[o]n or about 1988") and when she began saving money ("since the early 90's"), and there was no information about when her daughter started living with her and paying rent. The answer also gave approximate amounts for her income and expenses. Moreover, when asserting that she was able to save $150-$200 per month out of her approximate monthly household income of $1,100, Edwards failed to account for several substantial, necessary and routine expenses that she would have incurred over the past 18 years, including clothing, transportation, property taxes, home maintenance, medications, and healthcare.

In addition, the record shows that the cash at issue was found in the same room as crack cocaine and marijuana, as well as clothing belonging to Rhymes, and that there was drug paraphernalia and cocaine residue in Edwards's dining room. Under these circumstances, we conclude that the trial court properly found that Edwards's answer failed to include all essential facts establishing

where, how, and from whom she obtained the cash. OCGA § 16-13-49 (o) (3) (D), (o) (3) (F); *Germain v. State of Ga.*, 269 Ga. App. at 847.[5]

Accordingly, the court was authorized to dismiss Edwards's answer and enter a judgment of forfeiture.

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED MARCH 24, 2008.

*Mitchell M. Shook*, for appellant.

*Steven Askew, District Attorney, Donna R. Sims, Assistant District Attorney, Clara E. Bucci*, for appellee.

---

[5] See *Gravley v. State of Ga.*, 285 Ga. App. 691, 693-694 (2) (647 SE2d 372) (2007) (claimant failed to satisfy the pleading requirements of OCGA § 16-13-49 when he generally asserted that he saved the $15,402 at issue from pay he received from a variety of employers since 1990, without including the names of the employers, the dates worked for each employer, the amount of money received from each employer, the manner in which he was paid, the nature of his duties, or any other supporting information); *Roberts v. State of Ga.*, 226 Ga. App. 824, 824-825 (1) (487 SE2d 667) (1997) (claimant failed to satisfy the pleading requirements of OCGA § 16-13-49 when he generally asserted that he earned the cash at issue "during a lifetime of legitimate employment"); *Tuggle v. State of Ga.*, 224 Ga. App. 353, 355 (1) (480 SE2d 353) (1997) (claimant failed to satisfy the pleading requirements of OCGA § 16-13-49 when he generally asserted that he saved the cash at issue "from numerous jobs," without giving any other details, such as "the name of his employers, the dates he worked, the nature of his duties, or any other similar information") (citations omitted); *Howard v. State of Ga.*, 223 Ga. App. at 324 (claimant failed to satisfy the pleading requirements of OCGA § 16-13-49 when he generally asserted that he "lawfully obtained" the cash at issue, as this was merely a legal conclusion, not a statement of fact); cf. *Baker v. State of Ga.*, 269 Ga. App. at 723-727 (claimant's answer stated that he obtained the disputed funds through his employment with an identified employer, by selling cars, and by borrowing money from family members; the answer was legally sufficient, particularly because the funds were not found in the proximity of any drugs and the claimants were not charged with any criminal behavior); *Harris v. State of Ga.*, 222 Ga. App. at 268-269 (claimant's answer stated that he obtained the disputed funds from an inheritance and life insurance benefits following his father's 1994 death and from the proceeds of a 1995 lottery win; these broad assertions were sufficient to show the "date, identity of the transferor, and circumstances of the claimant's acquisition of the interest in the property").