**FOURTH DIVISION**
**ELLINGTON, P. J.,**
**BRANCH and MERCIER, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 27, 2016**

# In the Court of Appeals of Georgia

A16A0479. LOVELESS v. STATE OF GEORGIA.

MERCIER, Judge.

In February 2015, the State of Georgia filed pursuant to OCGA § 16-13-49 (2014)[1] a civil in rem complaint to condemn two amounts of cash (and other personal property) that law enforcement officers had allegedly found in close proximity to methamphetamine and marijuana during a search of Gary Loveless, his vehicle, and a room in an extended stay hotel.

Loveless filed an answer and amended answer to the complaint (collectively, "Answer"), claiming ownership of one of the amounts of cash ($12,231) and demanding its immediate return; denying allegations that the cash was found in close

---

[1] OCGA § 16-13-49 (2014) was repealed and replaced effective July 1, 2015. The forfeiture proceeding in this case, filed in February 2015, is thus governed by the 2014 version of the statute.

proximity to the drugs and that the cash had been used for, was intended to be used for, or constituted proceeds from illegal drug activity; contending that the officers had obtained the property in violation of his Fourth Amendment rights; and, stating that he was facing drug charges in a related criminal matter, asserting his rights under the Fifth Amendment (against self-incrimination) and under OCGA § 24-5-506 (a) (prohibiting a person charged in a criminal proceeding from being compelled to give evidence for or against himself). Loveless also contended that "answering the statutory requirements of OCGA § 16-13-49 (o) may" provide the State with evidence to be used against him, and that he was an innocent owner of the cash. See OCGA § 16-13-49 (e).

The State filed motions to strike Loveless's Answer and for default judgment, asserting that the Answer did not comply with OCGA § 16-13-49 (o). After conducting hearings on the State's motions, the trial court found that the Answer had failed to meet the requirements of OCGA § 16-13-49 (o) (3), in that Loveless had not included therein information as to the nature and extent of his interest in the cash, the date of the transfer, the identity of the transferor, and the circumstances of his acquiring an interest in the cash. The court found that Loveless "ha[d] instead chosen to assert a blanket right against self-incrimination in not meeting the requirements of

2

[that statute]," and it noted that he had "never requested a stay of the forfeiture proceedings pending the outcome of his criminal prosecution." Loveless appeals the court's order granting the State's motions to strike the Answer and for default judgment condemning and forfeiting the property.

1. Loveless contends that the trial court erred by striking his Answer, because "the answer involved disputed facts and substantial questions of law dealing with alleged unconstitutional seizure and specific assertion of statutory privilege." This contention is without merit.

> The trial court's ruling on a motion to strike is reviewed for abuse of discretion. However, we conduct a de novo review of the trial court's application of the law to undisputed facts, owe no deference whatsoever to the trial court's conclusions of law, and are free for apply anew the legal principles to the facts.

*Crimley v. State*, 330 Ga. App. 639, 641 (768 SE2d 813) (2015) (citation and punctuation omitted).

"In a civil in rem forfeiture action, a claimant's answer must be in strict compliance with the special pleading requirements of OCGA § 16-13-49 (o) (3)." *Arreola-Soto v. State of Georgia*, 314 Ga. App. 165, 166 (1) (723 SE2d 482) (2012); see *Sanders v. State*, 259 Ga. App. 422, 425 (2) (577 SE2d 94) (2003) (a forfeiture

3

action under OCGA § 16-13-49 is a civil proceeding). Where the answer does not contain those requisite facts to support the claimant's ownership assertions, it does not comply with the statute's specific pleading requirements. *State of Ga. v. Alford*, 264 Ga. 243, 245 (2) (444 SE2d 76) (1994). The pleading requirements of OCGA § 16-13-49 (o) (3) must be followed, and "[t]he failure to timely file an answer in strict compliance with the specific pleading requirements of the forfeiture statute results in dismissal" of the answer. *Jones v. State of Ga.*, 241 Ga. App. 768, 769 (2) (527 SE2d 611) (2000); see *Jett v. State of Ga.*, 230 Ga. App. 655, 657 (3) (498 SE2d 274) (1998) (physical precedent only).

Under OCGA § 16-13-49 (o) (3) (D) (2014), the answer filed by an owner of property which asserts a claim against the property "must set forth: . . . [t]he date, identity of transferor, and circumstances of the claimant's acquisition of the interest in the property. . . ." Loveless did not include in his Answer the date of the transfer of the cash, the identity of the transferor, or the circumstances of his acquiring the cash. He thus failed to satisfy the specific statutory pleading requirements regarding factual information that must be included in claims or answers filed by those claiming interests in seized property. Accordingly, the court did not err by striking Loveless's Answer as legally insufficient and by entering a default judgment of forfeiture. See

4

*Dearing v. State*, 243 Ga. App. 198, 200, 203 (2) (532 SE2d 751) (2000); *Jones*,

supra.

We find unconvincing Loveless's argument that the privilege set out in the

Fifth Amendment and in OCGA § 24-5-506 overrides the clear and well-settled

requirement that, to be sufficient, an answer in a civil forfeiture proceeding *must*

include the information requested in OCGA § 16-13-49 (o) (3). Loveless cites no

Georgia cases on point that support his argument. We point out that

> there is no blanket Fifth Amendment right to refuse to answer questions
> in noncriminal proceedings. The privilege must be specifically claimed
> on a particular question and the matter submitted to the court for its
> determination as to the validity of the claim. . . . The questions must at
> the very least be considered on an individual basis and answered
> accordingly.

*Tennesco, Inc. v. Berger*, 144 Ga. App. 45, 48 (240 SE2d 586) (1977) (citations and

punctuation omitted). Loveless did not consider each question on an individual basis

and specifically claim privilege on each question. Instead, he "elect[ed] his rights .

. . against self-incrimination as well as . . . to be free from being compelled to give

evidence for or against himself," adding that "answering the statutory requirement of

OCGA § 16-13-49 (o) may provide the State a colorable claim of association with

5

others who may have been involved in activities unknown to respondent . . . which . . . may provide the State a claim of association with what the state has now charged as criminal activity."

Notably, there is considerable authority that in a civil forfeiture action, the court may as a matter of law draw inferences from a property claimant's invocation of the right against self-incrimination, and such inferences may constitute admissions unfavorable to him. *Land v. State of Ga.*, 265 Ga. App. 859 (595 SE2d 540) (2004); *Sanders v. State of Ga.*, 259 Ga. App. 422, 425-426 (2) (577 SE2d 94) (2003) (regarding Fifth Amendment); *Simpson v. Simpson*, 233 Ga. 17, 19-20 (209 SE2d 611) (1974) (permitting unfavorable inference to be drawn in civil cases from a privileged refusal to testify, where witness claims privilege embodied in Georgia statutes - such as former Ga. Code § 38-1205, which provided that no party shall be required to testify as to certain matters; the court's analysis was not limited to cases in which a party asserts a privilege not to answer questions that have a direct tendency to incriminate him, but also included cases in which a party asserts a privilege from "answering any question which may form a link in the chain.").

The burden is on the individual claiming the privilege "to state the general reason for his refusal to answer and to specifically establish that a real danger of

6

incrimination existed with respect to each question." *Jett*, supra, citing *Petty v. Chrysler Credit Corp.*, 169 Ga. App. 418 (312 SE2d 874) (1984) (citations and punctuation omitted). Loveless did not meet that burden. The trial court may strike an answer when it fails to comply with the requirements of OCGA § 16-13-49 (o) (3). *Holmes v. State of Ga.*, 270 Ga. App. 882 (1) (608 SE2d 325) (2004).

Further, Loveless was not compelled to give evidence for or against himself in order to answer the forfeiture petition, inasmuch as he could have requested a stay of the forfeiture proceeding while the criminal case was pending, but did not do so. See OCGA § 16-13-49 (w); *Clemons v. State*, 257 Ga. App. 96, 103 (3) (574 SE2d 535) (2002).

Loveless also complains that the trial court erred by striking his Answer when he had raised therein a sufficient defense, namely that the search and seizure occurred in violation of the Fourth Amendment. However, the Answer did not include those factual disclosures that the statute required. See *Arreola-Soto*, supra. In the absence of a legally sufficient answer, the trial court was without authority to consider the suppression issue. See *Jones*, supra at 770 (4); *Tuggle v. State of Ga.*, 224 Ga. App. 353, 355-356 (3) (480 SE2d 353) (1997).

The Answer filed was insufficient, and the court did not err by striking it. See *Jones*, supra; *Edwards v. State of Ga.*, 290 Ga. App. 467 (659 SE2d 852) (2008); *Howard v. State of Ga.*, 223 Ga. App. 323, 325 (477 SE2d 605) (1996) (failure to comply with the strict pleading requirements of OCGA § 16-13-49 (o) (3) when answering an in rem forfeiture petition is equivalent to filing no answer at all). Upon striking the answer, the court was authorized to order the disposition of the seized property. See OCGA § 16-13-49 (o) (4); *Owens v. State of Ga.*, 241 Ga. App. 140 (3) (525 SE2d 150) (1999).

2. Loveless contends that the trial court erred by not granting his motion to dismiss the condemnation complaint when no hearing was held within 60 days after the complaint was served. See OCGA § 16-13-49 (o) (5) (2014). However, the 60-day hearing requirement applies only where a sufficient answer was filed. See *Owens*, supra; see *Alford*, supra. Where, as here, the Answer did not strictly comply with the special pleading requirements of OCGA § 16-13-49 (o) (3), the 60-day hearing requirement was not applicable. See *Owens*, supra; *Portee v. State of Ga.*, 277 Ga. App. 536, 538-539 (3) (627 SE2d 63) (2006).

*Judgment affirmed. Ellington, P. J., and Branch, J., concur.*

8