**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**November 9, 2016**

# In the Court of Appeals of Georgia

A16A1440. COFFEY v. STATE OF GEORGIA.

MCMILLIAN, Judge.

In this in rem forfeiture action, Shannon Coffey appeals from the judgment and order of forfeiture entered by the Gwinnett County Superior Court after the court struck his answer for failure to comply with the statutory requirements for an in rem forfeiture answer. In his sole enumeration of error, Coffey asserts that the trial court erred because his answer was legally sufficient. For the reasons that follow, we find no error and affirm.

The record shows that on September 22, 2015, following a traffic stop by a Gwinnett County Sheriff's Department deputy, Coffey was arrested and charged with multiple violations of OCGA § 16-13-30, including possession of methamphetamine with intent to distribute, possession of oxycodone, possession of hydrocodone, and

possession of buprenorphine. At that time, Coffey was also in possession of digital scales, drug packaging materials, two handguns, and U.S. currency in the amount of $53,648.00 (the "Currency"). Officers seized the Currency, and on October 16, 2015, the State filed its complaint for forfeiture pursuant to OCGA § 9-16-1.[1] On November 25, 2015, Coffey filed an answer claiming ownership of the Currency. Contending that the answer failed to comply with the statutory requirements of OCGA § 9-16-12 (c) (1), the State filed a motion for a more definite statement. The trial court granted the motion and ordered Coffey to amend his answer to comply with OCGA § 9-16-12 (c) (1).

Coffey filed an amended answer claiming ownership of $49,800 of the Currency, but the State thereafter filed a motion to strike, asserting that the amended answer remained inadequate because it (1) did not include the claimant's address at which he resided; (2) recited inapplicable sections of the relevant statute; (3) did not include sufficient facts supporting the claim that the seized money was not subject to forfeiture; and (4) included a verification that did not indicate it was made under

---

[1] The State identified two other parties as potentially having an interest in the Currency, but neither is a party to this appeal.

2

penalty of perjury.[2] Without specifying what inadequacies remained, the trial court found that the answer was "not amended according to law" and granted the motion to strike and ordered the seized Currency forfeited with title and ownership to vest in the Gwinnett County Sheriff's Department. This appeal followed.

We review a trial court's ruling on a motion to strike for an abuse of discretion. See *Loveless v. State of Ga.*, 337 Ga. App. 250, 251 (1) (786 SE2d 899) (2016). "However, we conduct a de novo review of the trial court's application of the law to undisputed facts, owe no deference whatsoever to the trial court's conclusions of law, and are free to apply anew the legal principles to the facts." (Citation omitted.) Id.

It is well established that the General Assembly may impose pleading requirements in special statutory proceedings in addition to those found in our Civil Practice Act. *State of Ga. v. Alford*, 264 Ga. 243, 245 (2) (a) (444 SE2d 76) (1994). And where our legislature does so, the sufficiency of a pleading must be judged in light of those specific statutory requirements. Id. "In a civil in rem forfeiture action, a claimant's answer must be in strict compliance with the special pleading

---

[2] On appeal, the State concedes that Coffey's verification was legally sufficient pursuant to *Dearing v. State of Ga.*, 243 Ga. App. 198 (532 SE2d 751) (2000), and we do not reach this issue here.

3

requirements of OCGA § [9-16-12 (c) (1)]."[3] (Citation and punctuation omitted.)

*Loveless*, 337 Ga. App. at 251 (1). Thus, "the failure to timely file an answer in strict

compliance with the specific pleading requirements of the forfeiture statute results in

dismissal of the answer." (Citation and punctuation omitted.) Id. OCGA § 9-16-12

(c) (1) requires that an answer stating a claim to property subject to forfeiture satisfy

not only the general pleading rules applicable to all civil actions, but also "shall set

forth":

    (A) The name of the claimant;

    (B) The address at which the claimant resides;

    (C) A description of the claimant's interest in the property;

    (D) A description of the circumstances of the claimant's obtaining an
    interest in the property and, to the best of the claimant's knowledge, the
    date the claimant obtained the interest and the name of the person or
    entity that transferred the interest to the claimant;

    (E) The nature of the relationship between the claimant and the person
    who possessed the property at the time of the seizure;

---

[3] The former civil in rem forfeiture statute found at OCGA § 16-13-49 was repealed and replaced with OCGA § 9-16-12 effective July 1, 2015. Ga. L. 2015, p. 693, § 1-1.

(F) A copy of any documentation in the claimant's possession supporting his or her answer; and

(G) Any additional facts supporting the claimant's answer.

After being given a second chance by the trial court, Coffey alleged in his amended answer:

Claimant shows that said property has a legitimate origin and intended use; it was not proceeds of drug transactions and was not intended to be used for drug transactions or other illegal purposes. The U. S. Currency was acquired legitimately, preceding the date of its seizure, through an inheritance from a joint safety deposit account box located at Citizens Bank & Trust Co. of Grainger County, TN, with Claimant's Grandmother, Lillie Nora Smith (deceased)[.] Claimant's mother, Georgia Evette Coffey was a witness to the contents of the joint safety deposit account, including Fifty Thousand Dollars ($50,000) in U.S. Currency.

As argued by the State below and on appeal, Coffey's answer was insufficient because he did not provide the date that he obtained his interest in the Currency, any documentation supporting his answer as required by OCGA § 9-16-12 (c) (1) (D) and (F), nor the address at which he resided.

Although Coffey essentially concedes that he did not expressly provide the address at which resides in either his initial answer or his amended answer, Coffey argues that he, in essence, provided his address by virtue of his response to paragraph four of the State's complaint, which alleged, "Said property was seized from Shannon Todd Coffey, who may be served at the Gwinnett County Jail or at his residence located at 143 Green View Dr. Whitesburg, Tn. 37891." In his amended answer,[4] Coffey admitted the Currency was seized from him, denied that he could still be served at the Gwinnett County Jail, but did not specifically admit or deny the State's allegation regarding service at his home address. Thus, Coffey asserts that by not denying that specific portion of the State's allegations in paragraph four, his response constitutes an admission pursuant to OCGA § 9-11-8 (d).[5]

---

[4] Coffey offered the same response in his initial answer.

[5] OCGA § 9-11-8 (d) provides:

Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided.

6

Although we are mindful that we must interpret the strict pleading requirements of OCGA § 9-16-12 reasonably,[6] we have serious concerns regarding whether Coffey's failure to respond to the State's allegation regarding his address satisfies the unambiguous requirement to affirmatively "set forth . . . [t]he address at which the claimant resides."[7] OCGA § 9-16-12 (c) (1) (B). However, pretermitting whether Coffey's failure to expressly provide the address renders his answer fatally insufficient, we find that his failure to provide even a time frame in which he acquired an interest in the Currency subjected his answer to be stricken. See *Arreola-Soto v. State of Ga.*, 314 Ga. App. 165, 167 (1) (723 SE2d 482) (2012) (where exact date not provided, the time frame of the acquisition of the ownership interest may suffice); OCGA § 9-16-12 (c) (1) (D).

---

[6] See *Harris v. State*, 222 Ga. App. 267, 268 (474 SE2d 201) (1996) ("Although compliance with the strict pleading requirements is mandated, . . . these requirements must be interpreted reasonably.").

[7] Moreover, the facts of this case highlight the practical difficulties that could arise should we deem a non-response to an allegation to satisfy a claimant's duty to "set forth" his address. When the State attempted to have Coffey served at the address he had provided at the time of his arrest, which the State alleged was Coffey's home address, the Hamblen County, Tennessee law enforcement officer discovered that "no such address or road" existed. The State ultimately received permission to serve Coffey via publication.

The trial court acted well within its discretion under the circumstances of this case when Coffey had the opportunity to correct this error after the State, in its motion for more definite statement, specifically noted that Coffey had failed to provide a date on which he obtained an interest in the Currency, yet Coffey chose not to correct the error in his amended answer. See *Howard v. State of Ga.*, 321 Ga. App. 881, 883 (743 SE2d 540) (2013) (no abuse of discretion in striking answers where claimants were afforded opportunity to amend their pleadings yet failed to do so). Accordingly, we find no abuse of discretion in the trial court's order striking Coffey's amended answer.

*Judgment affirmed. Miller, P. J., and McFadden, J., concur.*