**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 10, 2020**

# In the Court of Appeals of Georgia

A20A0468. ZAHLER v. NATIONAL COLLEGIATE STUDENT
    LOAN TRUST 2006-1.

MCFADDEN, Chief Judge.

National Collegiate Student Loan Trust 2006-1 (hereinafter, the trust) brought a contract action against Dana Zahler, alleging that she had defaulted on a student loan that was assigned to the trust. The trial court denied Zahler's motion to dismiss the trust's action and granted summary judgment to the trust on its action and on Zahler's counterclaims for a violation of Georgia's Fair Business Practices Act (OCGA § 10-1-390 et seq.) and for attorney fees under OCGA § 13-6-11. We do not consider whether the trial court erred in denying the motion to dismiss, because Zahler did not enumerate that ruling as error in her initial brief or make any argument about that ruling until her reply brief. But we reverse the summary judgment rulings

on the trust's claim and Zahler's counterclaims because there exists a genuine issue of material fact regarding the terms and conditions of Zahler's credit agreement. Given this resolution, we do not address Zahler's other arguments in opposition to summary judgment, including her challenges to the admissibility of some of the trust's documentary evidence.

1. *Motion to dismiss.*

In her appellate reply brief, Zahler argues that the trial court erred in denying her motion to dismiss the trust's action for lack of subject matter jurisdiction under OCGA § 9-11-12 (b) (1). She did not enumerate this ruling as error in her initial brief and, generally, an appellant's "failure to raise . . . matters in [her] enumeration of errors and initial brief precludes appellate review." *Owens v. State*, 241 Ga. App. 140 (4) (525 SE2d 150) (1999). But a trial court's lack of subject matter jurisdiction "cannot be waived and may be raised at any time either in the trial court, in a collateral attack on a judgment, or in an appeal." *Abushmais v. Erby*, 282 Ga. 619, 622 (3) (652 SE2d 549) (2007) (citations and punctuation omitted).

Assuming arguendo that, under this rule, an appellant may challenge the trial court's subject matter jurisdiction for the first time in a reply brief, we are not persuaded that Zahler's argument actually implicates subject matter jurisdiction. She

argues that the trust — a statutory trust under Delaware law, see 12 Del. C. § 3801 (g) — could not bring this action in its own behalf, citing the general principle that "a trust can act only through its trustees." *PricewaterhouseCoopers, LLP v. Bassett*, 293 Ga. App. 274, 277 (1) (666 SE2d 721) (2008). This is a challenge to the trust's capacity to sue rather than its standing, because it does not concern whether the trust was entitled to have the court decide the merits of its contract claim but rather who could assert that claim on the trust's behalf — the trust itself or its trustees. See *Leone Hall Price Foundation v. Baker*, 276 Ga. 318, 318-319 (1) (577 SE2d 779) (2003) (holding that trust, acting through its trustees, had standing to bring appeal); *Shaw v. Cousins Mtg. & Equity Investments*, 142 Ga. App. 773, 774 (2) (236 SE2d 919) (1977) (holding that business trust had capacity to institute action in its own behalf), overruled on other grounds by *Mock v. Canterbury Realty Co.*, 152 Ga. App. 872, 879 (1) (264 SE2d 489) (1980). Capacity to sue is a waivable defect. See *Klorer-Willhardt, Inc. v. Martz*, 166 Ga. App. 446, 447 (1) (304 SE2d 442) (1983) ("Where a party desires to raise an issue as to the capacity or authority of a party to bring an action, he must do so by specific negative averment in his responsive pleadings. OCGA § 9-11-9 (a). . . . Otherwise, such defenses are deemed waived."), overruled in part on other grounds by *Artson, LLC v. Hudson*, 322 Ga. App. 859, 862 (2) n. 1

3

(747 SE2d 68) (2013). And a claim of a waivable defect is distinct from a claim of lack of subject matter jurisdiction. See generally *Lewis v. Van Anda*, 282 Ga. 763, 765 (1) (653 SE2d 708) (2007) (noting that appellee's attempt to characterize waivable defect as lack of subject matter jurisdiction was "misguided").

For these reasons, Zahler's challenge to the ruling on the motion to dismiss does not implicate subject matter jurisdiction. And because she did not enumerate that ruling as error and did not challenge the ruling in her initial appellate brief, we do not address the merits of that ruling. See *Owen*s, supra, 241 Ga. App. at 140.

2. *Summary judgment.*

"Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. OCGA § 9-11-56 (c)." *Vance v. FD 2011-C1 Grove Road LP*, 340 Ga. App. 36, 36 (795 SE2d 747) (2016). As the plaintiff in its claim against Zahler, the trust "has the burden of presenting evidence to support [its] claim and the burden of piercing the defendant's affirmative defenses." *Smith v. Gordon*, 266 Ga. App. 814 (1) (598 SE2d 92) (2004). As the defendant to Zahler's counterclaims, the trust may "either present[ ] evidence negating an essential element of [Zahler's] claims or establish[ ] from the record an absence of evidence to support such claims." *Cowart v. Widener*, 287 Ga. 622, 623

4

(1) (a) (697 SE2d 779) (2010) (citation and punctuation omitted). "We review the grant of summary judgment de novo, construing the evidence in favor of the nonmovant." *Vance*, supra at 36-37 (citation and punctuation omitted).

So viewed, the evidence shows that in December 2005, Bank of America extended a student loan to Zahler. In connection with the loan, Zahler signed and returned to Bank of America by facsimile one page of a document entitled "Loan Request/Credit Agreement." That page references four other pages setting out the terms and conditions of the loan. The trust has put into evidence samples of those four pages that a representative of the company serving as the trust's "designated Custodian of Records" asserts "were part of the loan package any student applying for an applicable loan was provided, but were not required to be sent back via fax."

Subsequently, the loan was assigned to the trust. The loan went into default on October 1, 2013. (We assume for purposes of this opinion that the trust's evidence establishing the chain of assignment and the amount owed on the loan is admissible, although we note that Zahler challenges the admissibility of that evidence.)

(a) *The trust's contract claim against Zahler.*

The trust was not entitled to summary judgment on its contract claim against Zahler because there exist genuine issues of material fact as to the terms and

5

conditions of Zahler's credit agreement. This is because the trust has not established, as a matter of law, that the four sample pages of the credit agreement were part of the specific agreement actually signed by Zahler. As described above, the evidence viewed most favorably to Zahler contains only one page of the document she signed — the first page — and four sample pages that the representative of the company serving as the trust's "designated custodian" testified "were part of the loan package any student applying for an applicable loan was provided[.]"

But this witness did not testify that these pages actually were sent to Zahler and made a part of her specific agreement. And it appears from the witness's affidavit that he had no personal involvement with the sending of loan packages to applicants in 2005, when Zahler applied for the loan, because at that time he was not employed with the lender, Bank of America, or any other entity involved with sending loan packages. Moreover, the witness "neither identified any records as the source of his knowledge [regarding what documents were sent to loan applicants in 2005] nor attached to his affidavit any records addressing [that issue]." *Greenstein v. Bank of the Ozarks*, 326 Ga. App. 648, 652 (2) (757 SE2d 254) (2014). So although the witness stated in his affidavit that the contents of the affidavit were based on his personal knowledge, his assertion that the four pages were sent to any applicant

6

(implying that they were sent to Zahler) "is to be disregarded in considering the affidavit in connection with the motion for summary judgment." Id. at 651 (1) (citations omitted). Accord *Jackson v. Calvary Portfolio Svcs.*, 314 Ga. App. 175, 177 (723 SE2d 475) (2012).

Furthermore, in a second affidavit the witness contradicts his original testimony regarding what was sent to Zahler. In that later affidavit, the witness testifies that Zahler was sent a five-page agreement, which is attached as an exhibit to the affidavit. That exhibit appears to be a composite document comprised of the signature page that Zahler returned to Bank of America (with a facsimile header) combined with the four sample pages (without facsimile headers), presented as if they are part of a single document found in the trust's files. In contrast to the way in which the witness addresses the faxed signature page and the four sample pages in his original affidavit, in his second affidavit the witness describes this composite document as "a true and correct copy of the signed Credit Agreement with accompanying terms" and he states that the document "is kept in the ordinary course of business within the loan servicing system mantained by [the company serving as the trust's designated custodian]." He makes no mention of Zahler having returned only one page of the document or of the four other pages being samples.

7

Under our summary judgment standard, we must view this conflicting evidence in the light most favorable to Zahler and consider the four pages following her faxed signature page to be merely sample pages. And this conflicting affidavit testimony highlights a dispute on a fundamental issue in this case — were the four sample pages actually sent to Zahler as part of her credit agreement or not? Pretermitting any problems with the evidentiary status of these documents, the trust is not entitled to summary judgment on its contract claim because it has not shown, as a matter of law, that all of the pages of the purported contract belong together as part of a document that was sent to Zahler and agreed to by her. See generally *Carden v. Unifund CCR, LLC*, 353 Ga. App. 335, 337 (1) (836 SE2d 649) (2019) ("The problem here is not the evidentiary status of the redacted records attached to the second bill of sale, but the absence of evidence connecting the first bill of sale . . . to any of the documents that follow it, including the redacted records.").

Given this genuine issue of material fact as to the terms and conditions of Zahler's loan agreement, we reverse the grant of summary judgment to the trust on its contract claim.

(b) *Zahler's counterclaims against the trust.*

(i) *Fair Business Practice Act counterclaim.*

8

The trust did not establish entitlement to summary judgment on Zahler's counterclaim under Georgia's Fair Business Practice Act (the Act), which provides that "[u]nfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce are declared unlawful." OCGA § 10-1-393 (a). Zahler argues that the trust violated the Act "by charging capitalized interest (or interest on interest), in violation of [OCGA §] 7-4-17," which imposes restrictions against charging interest on unpaid interest.

The trust's sole argument below in connection with this counterclaim was that it did not violate OCGA § 7-4-17 because the terms of the credit agreement permitted it to charge this interest. Because a genuine issue of material fact exists as to the terms of that agreement, as established above, this argument does not entitle the trust to summary judgment. Although the trust argues on appeal that we should affirm the grant of summary judgment on this counterclaim on other grounds, such as federal preemption, we cannot do so because the trust did not raise these grounds in the trial court. See *Georgia-Pacific, LLC v. Fields*, 293 Ga. 499, 504 (2) (748 SE2d 407) (2013) (appellate court should not invoke right-for-any-reason rule to affirm grant of summary judgment on ground not raised in trial court).

(ii) *Counterclaim under OCGA § 13-6-11.*

9

Under the facts of this case, including the conflicting affidavits offered by the trust, and given our conclusions that the trust was not entitled to summary judgment on either its breach-of-contract claim or Zahler's Fair Business Practices Act counterclaim, we also conclude that summary judgment was not appropriate on Zahler's counterclaim under OCGA § 13-6-11. That Code section provides that a jury may allow expenses of litigation "where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense[.]" OCGA § 13-6-11. "Generally, the question of whether a defendant has acted in bad faith must be determined by the jury based upon its consideration of the facts and circumstances in the case." *Camp Cherokee v. Marina Lane, LLC*, 316 Ga. App. 366, 372 (4) (a) (729 SE2d 510) (2012). See *Spring Lake Property Owners Assn. v. Peacock*, 260 Ga. 80, 81 (390 SE2d 31) (1990) ("The question of attorney fees under OCGA § 13-6-11 is a question for the jury."). We discern no reason why this general rule does not apply here.

*Judgment reversed. Doyle, P. J., and Hodges, J., concur*.